WILLIAM H. DAVIS

*v.*

JAMES H. HALL *et al.*

1. CHANCERY PRACTICE—*right to dismiss suit after cross-bill.* Where a party files a petition for partition at law, and other parties file cross-bills in equity for partition and the assignment of dower, and the petitioner acquiesces in the proceedings in equity for a number of years, submitting to the equity jurisdiction of the court, he will not have the right to dismiss his suit without the consent of the defendants filing the cross-bills.

2. SAME—*cross-bill without answering.* Where cross-bills are filed without answering the original bill or petition, which is lost, if the complainant or petitioner answers the cross-bills without taking any steps to require an answer from the defendants, or to restore his bill, and allows the cause to proceed in this manner, he will waive the irregularity in filing cross-bills without first having answered.

3. SAME—*submitting issue of fact to jury.* In a suit in chancery for partition, in which the limitation act of 1839 is set up, it is a matter of discretion in the court to submit to a jury an issue of fact presented by the pleadings as to the good faith of the party in acquiring color of title.

4. LIMITATION—*color of title.* A master's deed for land sold under decree apparently regular on its face, and properly describing the land, and purporting to convey the land, is good as color of title, although sealed by the master several years after its delivery. The sealing, in such case, relates back to the original delivery.

5. SAME—*of the good faith.* Under the Limitation law of 1839 good faith will be presumed, until rebutted by proof. Claim of title in good faith is one acquired under the sincere belief that the party is the owner. The good faith required in the acquisition of color of title is a freedom from a design to defraud the person having the better title. Actual or constructive notice of

irregularities does not necessarily impute bad faith or fraud to the party chargeable with notice.

6. SAME—*former decision.* The apparent teaching of the case of *Bowman* v. *Wettig*, 39 Ill. 429, as to the effect of notice upon the question of good faith, has not been adhered to in the later cases.

7. SAME—*when disability of females ceases.* A female, to avoid the limitation under the act of 1839, must bring her action within three years after she attains the age of eighteen years.

APPEAL from the Circuit Court of Jackson county; the Hon. M. C. CRAWFORD, Judge, presiding.

For a particular statement of facts in this case reference is made to *Hall et al.* v. *Davis*, 44 Ill. 495, (June term, 1867,) where one branch of this case was before this court. The cause having been remanded, Mary J. Hall filed her cross-bill against Davis and others, on May 19, 1868, for partition, and for an account of rents; and Harriet B. Hall filed her cross-bill on May 20, 1868, for dower, and for partition and an account of rents. The cause was continued from time to time until the November term, 1872, when it was referred to the master to take proof, and report.

At the September term, 1873, James H. Hall filed his cross-petition, as one of the heirs of Samuel B. Hall, for partition and account.

At the March term, 1874, Davis moved to set aside defaults against him in the cases made by the cross-bills of Mary J. Hall and Harriet B. Hall.

April 11, 1874, William H. Davis filed his plea to the cross-petition of James H. Hall, setting up that for the period of 15 years last past he had been in the actual and adverse possession of the lands and tenements in the cross-petition mentioned, under claim and color of title made in good faith, and has also, during all said time, paid all taxes legally assessed on such lands and tenements.

At the March term, 1875, Davis was granted leave to file answers to the cross-petitions. The answers were excepted to, and replication to the plea was filed.

The answer of William H. Davis to the cross-bill of Harriet B. Hall was filed March 17, 1875, and alleges that Davis had acquired the dower right of said Harriet B. Hall by certain conveyances through one of the heirs, and that on or about the 25th of March, 1858, he had received the commissioners' deed of all the premises under the partition suit referred to, in good faith; that ever since the death of Samuel B. Hall, in 1845, said Harriet had been free from disability, and never claimed dower until the 11th of May, 1865. The answer then set up the Statute of Limitations, under the act of 1839.

The answer of Davis to the cross-bill of Mary J. Hall also set up the Statute of Limitations.

Exceptions to the answer of Davis were overruled, and replications to the answer were filed at the June term, 1875.

July 25, 1875, a motion was made by Davis to dismiss his original partition suit, and that the cases made by Mary, Harriet and James, who severally filed their bill in chancery against him, be re-docketed, with said parties filing said bill as complainants, and said Davis as defendant,—which motion was by the court denied.

Motion was then made by Davis that the issue of good faith be tried by a jury.

October 4, 1875, decree upon the cross-petitions of Mary J. Hall and Harriet B. Hall, and the separate answers of Wm. H. Davis thereto, and upon the petition of James H. Hall, and the pleas thereto by Davis, and the replication of James H. Hall, upon the depositions, exhibits and proofs, and the arguments of counsel finding the interest of the cross-petitioners, and appointing commissioners to allot dower, to make partition, and report, and ordering master to take an account.

Appellant assigns as error—

" 1st. The circuit court erred in refusing and overruling appellant's motion for leave to dismiss his original partition suit.

"2d. The court erred in refusing appellant's motion that the parties filing cross-bills in said cause should docket the case made thereby, with the parties filing said cross-bills as complainants, and appellant as defendant.

"3d. The court erred in refusing appellant's motion to have the question of good faith made by the pleadings tried by a jury.

"4th. The court erred in decreeing partition of the premises in controversy in said cause.

"5th. The court erred in decreeing that any of the parties to said suit, excepting appellant, was entitled to share in the lands in controversy in said suit.

"6th. The court erred in not decreeing that the title to and the right to the possession of the lands in controversy were exclusively in appellant.

"7th. The court erred in decreeing an assignment of dower to Harriet B. Hall in any of the lands in controversy in said cause."

Mr. L. P. Butler, for the appellant.

Mr. Thomas G. Allen, for the appellees.

Mr. Justice Dickey delivered the opinion of the Court:

As to errors assigned as one and two, we have to hold that appellant has acquiesced too long a time in the chancery procedure of the cause, in the blending of his original proceeding at law (by petition for partition) with defendants' cross-bills in equity, and in the conducting of the whole cause as if it had been commenced in chancery. Cross-bills were filed in May, 1868, and not until July, 1875, did complainant move to dismiss his original partition suit. The inference is unavoidable, and fully justified, that he submitted to the equity jurisdiction of the court in a cause of the subject matter of which courts of law and courts of equity have concurrent jurisdiction. He thus waived his position at law, and ought not to have been allowed at that late day to dismiss his suit

without defendants' consent. It is true defendants did not answer Davis' petition for partition before filing their cross-bill, nor at any time, (the original petition having been lost.) But we can not find from the record, nor is it claimed, that Davis ever obtained or applied for a rule upon defendants to answer his petition, nor did he ever restore it. It was in his power, at the proper stage of the proceedings, to have raised this objection. Not having done so, we must consider he waived that part of the pleadings, as well as many other irregularities apparent in the conduct of this cause, of which both sides were guilty. Considering it, as we do, one chancery proceeding, it was a matter of discretion with the court to refuse to submit the question of good faith as an issue of fact to a jury trial.

The other errors assigned go mainly to the merits, and on these this cause will be decided. Davis' main defence by plea to the cross-bill of James H. Hall, and by answer to the cross-bills of Mary J. Hall and Harriet B. Hall, consists in pleading in bar claim and color of title made in good faith, and seven years continuous payment of all taxes legally assessed, and possession, under the Limitation act of 1839 (Rev. Stat. 1845, ch. 15, § 8.) This defence is, as to form, properly pleaded, to claim the benefit of the statute thereunder. The evidence to prove payment of taxes legally assessed on all the premises is not objected to nor controverted. The master's deed, introduced in evidence, contains a full and particular description of the premises, and purports to convey the same to him. Possession by Davis, according to its extent, is admitted, claimed and charged on both sides. The master's deed was apparently regular on its face, and specific and certain in its description of the premises, disclosing no illegality nor material defect, and purporting to convey the lands therein described. The sealing thereof by the master years after it had been executed was but the curing of an informality, whereby the paper title became a formal deed by relation from the time of its original delivery, May, 1858. *Kruse* v.

*Wilson,* 79 Ill. 233. ·The deed was by appearance a paper title; it was color of title, within the contemplation of the statute. The requirements of the statute, except good faith, having been sufficiently proven as existing, good faith is presumed until rebutted. *Hardin* v. *Gouveneur,* 69 Ill. 140.

To rebut this it is claimed, on the part of James H. Hall, that the deeds made by Thomas Hall, pretending to act as attorney in fact of James H. Hall prior to the partition suit, were legally of no effect to convey his interest in the premises to Davis, and for that reason Davis was chargeable with notice of James' title, and that such notice excludes good faith.

It is claimed on the part of Harriet B. Hall that the deed by Thomas L. Hall to Davis, pretending to release or quitclaim a dower interest of Harriet B. Hall, was legally ineffectual as a release of her dower to him, that Davis is chargeable in law with notice thereof, and that such notice would exclude good faith.

It is further claimed that Davis is chargeable with notice of irregularities in the original partition proceedings under which he claims, and that it follows that his claim and color of title is not in good faith. We can not accede to this proposition.

In the case of *Woodward* v. *Blanchard,* 16 Ill. 425, this court held that the words " good faith," under the law of 1839, are " doubtless used in their popular sense, and relate to the actually existing state of the mind, whether so from ignorance, skepticism, sophistry, illusion, fanaticism or imbecility, and without regard to what it should be from given legal standards of law or reason." To this view we still adhere. Claim of title in good faith is claiming under the sincere belief to be the owner of the premises. The good faith required in the acquisition of color of title is a freedom from a design to defraud the person having a better title. *McCagg et al.* v. *Heacock et al.* 34 Ill. 479.

Actual or constructive notice of irregularities or counter claims does not necessarily impute bad faith or fraud to the party chargeable with notice. ·Where one's right is declared

subordinate to the right of another on account of notice, it is not because actual bad faith or fraud is imputed, but simply on account of the knowledge with which he stands charged. If the limitation act in question had intended to make freedom from notice one of its requirements, it should have added to "claim and color of title made in good faith," the words *without notice*.

It is true we find some decisions and opinions of this court tending to imply that notice excludes good faith.

Where a tax deed disclosed on its face that it was issued before the two years of redemption had expired, as in the case of *Bowman* v. *Wettig*, 39 Ill. 429, this court held that this fact was incompatible with good faith. The apparent teaching of that case has not been adhered to in the later cases.

Upon considering the testimony in this case fully, in all its bearings, we can not come to the conclusion that Davis has not obtained color of title, or made claim of title in good faith. The proofs show that he has, and we hold that appellees are barred under the statute.

As to Mary J. Hall, it appears that at the May term, 1865, she entered her motion to reinstate the cause on the docket, and to vacate the former proceedings in the cause, and for a trial of the cause. For further particulars we refer to the case of *Hall* v. *Davis*, 44 Ill. 494. She became twenty-four years old on the 17th of September, 1865, and it is insisted that such motion, as it was followed up through all stages to judgment, was the commencement of her action for the recovery of her lands within three years after her disability had been removed, as provided in the saving clause of the Statute of Limitations.

It is insisted that this saving clause draws no distinction between males and females, that the words are clear, unambiguous and distinct, and that there is no ground to draw a distinction when the statute draws none.

This position is untenable. In *Kilgour* v. *Gockley*, 83 Ill. 115, we held that a female wishing to avoid the effect of this

Statute of Limitations, must, to effect that end, bring her action within three years after she attains eighteen years of age. Mary J. Hall, having become eighteen years of age more than three years before she took any steps whatever to assert her rights in this regard, occupies no better position than the other appellees.

The decree of the circuit court must be reversed, and the several cross-bills must be dismissed, and the original judgment in the suit of Davis must be affirmed.

*Decree reversed, cross-bill dismissed, and original judgment in favor of Davis affirmed.*