ADA ALICIA SAFFORD *et al.*

*v.*

ELIZA VICTORIA STUBBS *et al.*

*Filed at Mt. Vernon June 12, 1886.*

1. LIMITATION—*color of title—deed from tenant for life.* A quitclaim deed from a tenant for life, of all the grantor's right, title, interest, estate, claim and demand, both in law and in equity, to one having no actual notice that his grantor's interest was only a tenancy for life, is good color of title, and the payment of all taxes on the land for seven successive years, under such color of title, made in good faith, will constitute a bar to the assertion of the title of the remainder-man.

2. SAME—*possession under life estate, when adverse to title of reversioner.* .A person having but a life estate in land, conveyed all his right, title and estate to one, who conveyed, by quitclaim, the same to another, neither of the grantees having notice that the original grantor had only an estate for life, and the second grantee entered into possession under his deed: *Held,* that after the life estate terminated, his grantee in possession could not be regarded as a tenant at sufferance of the reversioners, but his possession was adverse to the reversioners, and not in subordination to them.

3. SAME—*as against an infant not suing after coming of age.* Where the bar of the statute, by the possession and payment of taxes under color of title, is completed before the owner attains majority, the fact of his infancy during the running of the statute will not avail him or her, unless he or she brings suit for the premises within three years after becoming of age.

4. SAME—*as against a married woman.* Since the passage of the Married Woman's act of 1861, the saving clause in the Limitation act of 1839, in favor of married women, has no force, and since that time that limitation law applies against a married woman equally as against an unmarried woman.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. HAPPY & TRAVOUS, for the appellants:

The deed under which Berkey entered did not purport to convey anything but a life tenancy, during the life of Weiser, and hence is not color of title. *Bush* v. *Huston,* 75 Ill. 343; *Bride* v. *Watt,* 23 id. 507; *Perry* v. *Burton,* 111 id. 138; Sedgwick & Waite on Trial, sec. 768.

Having entered into possession during the life of Weiser, as tenant *pur autre vie,* on the death of the *cestui que vie* he became and remained a tenant at sufferance. 1 Washburn on Real Prop. 406, 407; *Cook* v. *Norton,* 48 Ill. 20; *Brown* v. *Smith,* 83 id. 291.

Having entered under a title not in hostility, but in submission, to the real owner, nothing but a clear, unequivocal and notorious disclaimer and disavowal of the title of such owner will render the possession, however long continued, adverse. *Williamson* v. *Watkins,* 3 Pet. 43; *Ziller* v. *Eckert,* 4 How. 289; *Jackson* v. *Burton,* 1 Wend. 341; *Peyton* v. *Steth,* 5 How. 486; *Rigg* v. *Cook,* 4 Gilm. 351.

Unless the possession be adverse, it can not give title, and it can not be adverse unless it is hostile to the true owner. Tyler on Ejectment, 875; *Kirk* v. *Smith,* 9 Wheat. 241.

If the possession was taken under a title not originally hostile to the true owner, it will be intended that his possession was not adverse. Tyler on Ejectment, 878; *Jackson* v. *Thomas,* 16 Johns. 292; *Smith* v. *Burtis,* 9 id. 180; *Jackson* v. *Johnson,* 5 Cow. 74.

To make Berkey's possession adverse, he should have made an explicit denial and disavowal of holding under the title of

the true owner. He should have asserted title in himself, and this should have been brought home to the true owner. Tyler on Ejectment, 876, 877; *Floyd v. Mintsey,* 7 Rich. 181.

The purchaser of an estate for life holds in subordination to the reversioner, and an adverse possession against the reversioner can not be predicated on it. Tyler on Ejectment, 919, 920; *Jackson v. Graham,* 3 Caines, 188; *Jackson v. Town,* 4 Cow. 599; *Jackson v. Parker,* 9 id. 73. And this, although he supposed his deed gave him the fee. *Learned v. Tallmadge,* 26 Barb. 443.

Messrs. METCALFE & METCALFE, for the appellees:

The will under which Weiser held, or a copy thereof, not having been recorded in the county where the land lay, was no notice of the extent of his estate, or the estate conveyed by his deed to Reiner. *Dugan v. Follett,* 100 Ill. 581.

Every estate in lands which shall be granted, conveyed or devised, shall be deemed a fee simple estate, if a less one be not limited by express words, etc. Rev. Stat. 1874, p. 275, sec. 13.

The quitclaim deed from Reiner to Berkey, with possession, ever since its date, (October 18, 1856,) and payment of taxes for more than seven successive years, claiming to be the owner in fee, constitutes a complete bar to this suit. *Irving v. Browning,* 11 Ill. 402; *Dickenson v. Breeden,* 30 id. 279; *Yoakum v. Harrison,* 85 id. 202; *Bride v. Watts,* 23 id. 507; *Coleman v. Billings,* 83 id. 183; *Foster v. Letz,* 86 id. 412.

Quitclaim deed is color of title. *McClellan v. Kellogg,* 17 Ill. 498; *Holloway v. Clark,* 27 id. 483; *Winslow v. Cooper,* 104 id. 365.

Any instrument declaring intention to pass title to specific lands, gives description, from grantor to grantee, gives color of title to such lands. *McCagg v. Heacock,* 34 Ill. 476; *Elston v. Kennicott,* 46 id. 187; *Morrison v. Norman,* 47 id. 477.

A deed which, on its face, purports to convey title, constitutes claim and color of title. *Hinckley* v. *Green,* 52 Ill. 223.

A deed regular on its face, by one having no title or authority to convey, may give color of title. *Fagan* v. *Rozier,* 68 Ill. 84; *Hardin* v. *Governor,* 68 id. 140.

The claimant or holder of color of title is not required to trace the title through the chain. *Rawson* v. *Fox,* 65 Ill. 200.

Good faith of the holder of the color of title is presumed in the absence of evidence. *Morrison* v. *Norman,* 47 Ill. 477; *McConnell* v. *Street,* 17 id. 253; *Davis* v. *Hall,* 92 id. 85.

The quitclaim deed would as effectually pass the title as a warranty with full covenants. *Butterfield* v. *Smith,* 11 Ill. 485; *Brady* v. *Spurck,* 27 id. 478; *Morgan* v. *Clayton,* 61 id. 35; *Grant* v. *Bennett,* 96 id. 525.

Since the passage of the act of 1861, concerning married women, the statutes run from the time they are eighteen years of age, or to the time allowed to bring suit. *Davis* v. *Hall,* 92 Ill. 85.

Under twenty-one years of age means under minority, or eighteen years. *Kilgour* v. *Gockley,* 83 Ill. 109.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill for the partition of $131\frac{4}{100}$ acres of land, in Madison county, filed by appellants against appellees. Appellant, Ada A. Safford, claims to be the owner of an undivided two-thirds part of the tract, and appellee, Eliza V. Stubbs, claims to own an undivided one-third part thereof. The appellee, Jonathan Berkey, is in possession, and claims to have acquired title by possession and payment of taxes for seven successive years, under claim and color of title, made in good faith, under the sixth section of the Limitation act. The question is, whether Berkey has brought himself within the provisions of the Statute of Limitations, and whether the bar of the statute can be successfully invoked under the circumstances of this case.

By a quitclaim deed, dated October 18, 1856, and recorded November 12, 1856, one Joel K. Reiner and his wife conveyed to Jonathan Berkey all their "right, title, interest, claim and demand in and to" the premises in question. The proof shows, that Berkey went into possession of the land under this quitclaim deed, as color of title, and continued in such possession, and paid all the taxes, assessed upon the premises, for a period of more than twenty years before July 14, 1883, the date of the filing of the bill in this cause. He has complied with the requirements of the statute and is entitled to its benefits, unless he is estopped from setting it up, upon one or the other of the grounds, hereinafter indicated.

It is said, that Berkey can not claim the benefit of the statute, because neither his title nor his possession has ever been adverse to the title of appellants, and appellee, Stubbs. The facts, upon which this contention is based, are as follows: One Mark Darrah, being the owner of the land in question, died, testate, on August 1, 1850, in Berks county, Pennsylvania, and, by the terms of his will, devised this land to Josiah Weiser for life, and, after his death, if he should die leaving lawful issue, gave and devised the same to his heirs, as tenants in common, in equal shares, and to their respective heirs and assigns forever. On January 31, 1856, Weiser, being then the owner of a life estate only, executed a quitclaim deed to Reiner, Berkey's grantor, conveying all of Weiser's "right, title, interest, estate, claim and demand, both at law and in equity, and as well in possession as in expectancy, of in and to," the land in controversy; on July 24, 1863, Weiser died, leaving a widow, Eliza V. Weiser (now the appellee, Eliza V. Stubbs,) and two daughters, Florence Weiser, who died on August 26, 1863, and Ada A. Weiser (now the appellant, Ada A. Safford.) After the death of Josiah Weiser, the said Ada and Eliza became, by the terms of Darrah's will and by inheritance from Florence Weiser, the owners of the reversionary estate, in the proportions of two-thirds and one-

third, as above stated. It is claimed, that Berkey entered under a conveyance of an estate for the life of Weiser; that his estate ceased with that life; that he, then, being lawfully in possession, became the tenant at sufferance of Mrs. Safford and Mrs. Stubbs, the persons entitled to the reversion, and so, could not hold adversely to them. We do not think, that this position is well taken, under the facts of this case, Berkey having been in possession and paid taxes for more than seven years after the life estate terminated and the reversionary estate had attached.

Darrah's will, although admitted to probate in Pennsylvania, was never admitted to probate in Illinois, nor was it ever recorded in Madison county, or elsewhere in Illinois. There is no proof, that either Reiner or Berkey ever had any notice of its contents. Neither of them had any notice, so far as this record discloses, that the interest of Weiser in the premises was merely that of a life tenant. The deed from Weiser to Reiner, and the deed from Reiner to Berkey, do not show, or, in any way, indicate the nature of the estate, owned by Weiser. It may be, that Berkey, though he had been in possession and paid taxes for seven years, after the tenant for life died, would be debarred from setting up the statute against the owners of the remainder, if he had had notice, that his grantor's interest was only a tenancy *pur autre vie.* (*Dugan et al.* v. *Follett et al.* 100 Ill. 581.) But having had no such notice, he did not enter upon the land, knowing or believing himself to be the owner of an estate for the life of another, and could not be considered a tenant at sufferance of the reversioners after the estate for life ended. His claim was thereafter adverse to the reversioners, and not in subordination to their title. His quitclaim deed from Reiner was such a deed, as would pass the title no less effectually than a warranty deed with full covenants. (*Grant* v. *Bennett et al.* 96 Ill. 513.) It can, therefore, be relied on, as color of title. *Holloway et al.* v. *Clark,* 27 Ill. 483.

It is said, that Berkey can not plead the Statute of Limitations, because of the infancy of Mrs. Safford, and the coverture of both Mrs. Safford and Mrs. Stubbs. Appellant, Ada Alicia Safford, was born on March 18, 1860, and was, therefore, of age on March 18, 1878. She became the owner in fee of two-thirds of the property in question on August 26, 1863. Berkey being in possession under the quitclaim from Reiner, continued in possession and paid all the taxes after the estate of the reversioners attached, for a period of twenty years from 1863 to 1883. The bar of the statute, by possession and payment of taxes under color of title, was thus complete, before Mrs. Safford reached her majority. Under the eighth section of the Limitation law, (Starr & Curtiss' Stat. chap. 83, sec. 8,) she should have brought suit within three years, after she became eighteen years of age, (*Davis* v. *Hall et al.* 92 Ill. 85,) or, on or before March 18, 1881. As already stated, this proceeding was not instituted until July 14, 1883, consequently, the fact of her infancy, during the running of the statute, can avail her nothing.

The interest of Mrs. Stubbs in one-third of the property as well as that of her daughter in two-thirds of it, accrued on August 26, 1863. We have held, that, since the passage of the Married Woman's act of 1861, the saving clause, in favor of married women, in this limitation law, has no force, and that the statute, since that time, applies against a married woman equally as against an unmarried woman. (*Enos et al.* v. *Buckley*, 94 Ill. 458.) Hence, the fact of coverture, during the running of the statute, cuts no figure in this case.

The decree of the circuit court, dismissing the bill, is affirmed.

*Decree affirmed.*

Mr. JUSTICE SHELDON does not concur.