ESTHER E. TAYLOR

*v.*

DAVID G. HAMILTON *et al.*

*Opinion filed June 18, 1898.*

1. COLOR OF TITLE—*tax deed regular in form is color of title.* A tax deed regular on its face and properly acknowledged and executed is color of title, and it is not essential, in order to establish title by seven years' payment of taxes under such color, that all the statutory steps necessary to make a valid tax title be shown.

2. SAME—*bad faith in procuring color of title is not presumed.* Color of title will be presumed to have been acquired in good faith until such presumption is overcome by proof.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

WILLARD M. McEWEN, and O. H. McCONOUGHEY, for appellant.

OLIVER & MECARTNEY, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a petition brought by Esther E. Taylor in the circuit court of Cook county, to establish title, under the Burnt Records act, to certain lots in the city of Chicago. David G. Hamilton, Edwin A. Casey and Frank B. Dyche were made defendants to the petition. The pleadings having been settled, the cause was referred to the master in chancery to take the evidence and report to the court, with his conclusions. The evidence of the respective parties was taken by the master, and he made a report substantially as follows: That petitioner was not, at time of filing the petition, in possession of any of said lots; that she has established her ownership of lots 7, 11 and 12 in block 6, lot 48 in block 29, and lot 24 in block 13, in Taylor's first addition to South Chicago, and that the chain of conveyances set forth in the petition, by which petitioner deraigned title to said lots, should be established and confirmed by decree of this court; that the tax deeds by which defendant Hamilton claims title to lots 7, 11 and 12 in block 6, and lot 48 in block 29, are null and void, and should be set aside and canceled as clouds upon the title of petitioner as to said lots, by decree of this court, upon petitioner paying said Hamilton or his counsel the amount of said tax sales, and all payments for taxes subsequently made, interest, etc.; that Frank B. Dyche is the owner and in possession of lot 25 in block 13, and that the tax deeds by which Edwin A. Casey claims title to said lot are null and void, and should be set aside and canceled upon said Casey being paid the

amount of the tax sale, subsequent taxes, interest, etc.; that lots 4 and 5 in block 7, lot 47 in block 29, lots 18 and 19 in block 30, and lots 35 and 36 in block 31, were all sold for taxes and a deed to the same issued to David G. Hamilton, who paid all the taxes on said lots except the taxes for 1893 on lot 5 in block 7, which were evidently paid by mistake by one C. P. Gardner for more than seven consecutive years; that said last mentioned lots were vacant and unoccupied until April 30, 1896, when said Hamilton took possession of the same and built around them a continuous fence; that said tax deed to Hamilton was good color of title and obtained in good faith; that Hamilton has paid all taxes for more than seven years; that said lands were vacant; that said Hamilton took actual possession of the same on April 30, 1896, wherefore said Hamilton's title became good by virtue of the Statute of Limitations; that petitioner derived title as alleged in the petition, but she lost the same and said Hamilton became the owner of the said lots; that Hamilton and wife deeded the said lots to Edwin A. Casey on May 27, 1896; that said Casey is now owner of the same in fee simple absolute; that the amount due Hamilton on lots 7, 11 and 12 in block 6, and lot 48 in block 29, aforesaid, on account of tax sales, taxes, interest, etc., is $238.87; that the amount due Edwin A. Casey on lot 25 in block 13, on account of tax sales, taxes, interest, etc., is $133.92. The report recommends a decree in accordance with the findings. On the hearing the court rendered a decree in conformity to the report of the master in chancery.

No fault is found with the decree in so far as the court decreed in favor of the petitioner as to a part of the lots embraced in the petition, but it is insisted that the decree is erroneous in decreeing that Edwin A. Casey was the owner of lots 4 and 5 in block 7, lot 47 in block 29, lots 18 and 19 in block 30, and lots 35 and 36 in block 31. It will be observed that as to these lots the master found, and his finding is fully sustained by the evidence, that

they were vacant and unoccupied until April 30, 1896; that while the lots were vacant and unoccupied they were sold for taxes to David G. Hamilton; that he received a deed and paid all taxes for more than seven successive years while the lots were vacant; that on April 30, 1896, he enclosed the lots with a substantial fence, and thus went into possession. Under the Limitation law of 1839 the title held by Hamilton, as found by the master, was sufficient to bar a recovery on the part of petitioner. The deed made to Hamilton was regular on its face. It was properly executed and acknowledged, and purported to convey the lots in question. It was therefore color of title, and it was not essential that all the steps required by the statute to make a valid tax title should be established. The fact that these steps were not taken did not invalidate the deed as color of title. Under the Limitation law good faith will be presumed until rebutted by proof. (*Davis* v. *Hall*, 92 Ill. 85.) There was no sufficient evidence introduced before the master to rebut the presumption of good faith. The evidence to sustain payment of taxes for seven successive years was ample. Indeed, all the acts required to establish a title under the Statute of Limitations, as found by the master, were proven.

It is claimed in the argument that certain acts of the petitioner in regard to the lots tended to establish possession in her. We have carefully examined the evidence introduced on the hearing, and without going over it in detail it is sufficient to say we find no evidence tending to establish possession of the lots in petitioner. On the other hand, Hamilton proved by a number of witnesses who resided near the lots and who were familiar with them for several years, that they were vacant and unoccupied until Hamilton fenced them up on the 30th day of April, 1896.

We find no error in the record, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*