**Thomas W. PORTER et al., Appellants,**

v.

**Frank P. WILSON, Sr., et ux., Appellees.**

**No. 7281.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 16, 1963.

Rehearing Denied Oct. 21, 1963.

Clayton, Martin & Harris, Amarillo, for appellants.

Stone & Stone, Amarillo, John C. Chambers, Amarillo, of counsel, for appellees.

NORTHCUTT, Justice.

This is an action in trespass to try title brought by Frank P. Wilson, Sr. and wife, Iris Kirk Wilson, as plaintiffs against Thomas W. Porter and a large number of other persons as defendants for title and possession of 11.37 acres of land out of the west part of Section 11, Block 6, I. & G. N. R. R. Company in Randall County, Texas. The land was described by metes and bounds in the plaintiffs' petition. There is no question here involved as to all the said tract of land, save and except Lots Nos. 21 and 24 in Block 36 of the Palisades, and a small tract lying between Lots Nos. 23 and 24. Lots Nos. 21 and 24 and the small tract lying between Lots Nos. 23 and 24 are included within the bounds of the 11.37 acres above mentioned. On September 1, 1949, the 11.37 acres, except Lots Nos. 21 and 24, were deeded by warranty deed to J. H. Bright and wife, Bertie B. Bright. The deed excepted said Lots Nos. 21 and 24. Bright took immediate posses-

sion and moved onto said property. On May 28, 1956, Bright and wife, by warranty deed, deeded the 11.37 acres, excepting Lots Nos. 21 and 24, to Wilson and wife. The Wilsons immediately moved onto said property and have lived there and have held possession of the entire 11.37 acres of land ever since. On the same day the Brights deeded the property to the Wilsons and excepted Lots Nos. 21 and 24 from the warranty deed they gave a quit claim deed to the Wilsons to Lots Nos. 21 and 24. The first part of the deed the grantors sold, released and forever quit claimed to appellees all their rights, title and interest in and to the property, describing the property. The habendum clause provided to have and to hold said premises together with all rights, privileges and appurtenances thereto forever. Wilson filed for record both deeds May 29, 1956, at 10:00 a. m., which deeds were duly registered. Plaintiffs filed their original petition on April 17, 1962, and the defendant, Thomas W. Porter, answered by a plea of not guilty and by cross action for recovery of Lots Nos. 21 and 24 and the small tract lying between Lots Nos. 23 and 24. The other defendants will not be referred to hereafter as they are in no way interested in this appeal. For convenience, Wilsons will be referred to as appellees and Porter as appellant.

Appellees claim title as to Lots Nos. 21 and 24 under the five and ten year statutes of limitation. Since we are of the opinion that appellees are entitled to recover title under their claim of five years statute of limitation, we will only consider that portion of this appeal.

■ This case was submitted to a jury upon two special issues. Issue One was as to the five years limitation and Issue Two as to the ten years limitation. Both issues were answered in favor of appellees. Special Issue One was as follows:

"Do you find from a preponderance of the evidence, if any, that the plaintiffs and those through whom they hold conveyances, held peaceable and adverse possession of the land in controversy, continuously cultivating, using or enjoying the same, and paying taxes thereon, and claiming under a deed or deeds duly registered, for any consecutive period of five years prior to April 17, 1962? Answer YES or NO."

The jury answered "Yes." No objections were filed as to the question asked. The quit claim deed properly described the two lots here in question and was properly registered. The appellees had paid all taxes as found by the jury. That part of Article 5509, Texas Civil Statutes, which determines what is necessary to establish the title here involved reads as follows:

"Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after cause of action shall have accrued, and not afterward."

The purpose of requiring the registration of deeds under the plea of five years limitation is to give notice to owners of land that the person in possession thereof is claiming adversely to them. We think the charge of the court and issues submitted asked the jury if the appellees had complied with the requirements of Article 5509. We are of the further opinion that there was sufficient evidence to sustain the finding of the jury. The Supreme Court in the case of Benskin v. Barksdale, Tex. Com.App., 246 S.W. 360, approved a quit claim like the one here involved as being sufficient to support adverse possession and set in motion the five years statute of limitations. That case there held as follows:

"The deed is sufficient to support adverse possession and to set in motion the five-year statute of limitation. Parker v. Newberry, 83 Tex. 428, 18

S.W. 815; McDonough v. Jefferson County, 79 Tex. 535, 15 S.W. 490; Safford v. Stubbs, 117 Ill. 389, 7 N.E. 653. The statute, in so far as a deed is concerned, demands only that the person having peaceable and adverse possession of real estate be 'claiming under a deed or deeds duly registered.' Rev.St. art. 5674. Of course such deed must describe the land. We think the instrument set out above falls within the class designated as deeds."

In the case of Rosborough v. Cook, 108 Tex. 364, 194 S.W. 131, the Supreme Court held as follows:

"To support limitation under the five years statute, it is not necessary that the deed, under which the claim is made, convey any title. The grantor may be wholly barren of any vestige of title; the deed may therefore pass no semblance of title; yet, if it describes and purports to convey the land and tested by itself is upon its face a good deed, it meets the requirement. Wofford v. McKinna, 23 Tex. 36, 76 Am.Dec. 53; Schleicher v. Gatlin, 85 Tex. 270, 20 S.W. 120; Harris v. Wells, 85 Tex. 312, 20 S.W. 68.

"Accordingly, if Ellen Cook had a deed to this land, good upon its face and which retained its validity as such, if she claimed under it, with it duly registered, and met the other requirements of the statute, as she did, for a continuous five year period, she acquired title to the land by limitation, though she never acquired and at no time had any title whatever in virtue of the deed.

"It is thus clear that a deed under the law governing five years limitation has a character distinct from that of an effectual muniment of title. For the purpose of such limitation it performs an office unrelated to title, and although as a conveyance of title it may be futile. That office is simply to aid the posssession as a means of notice of the adverse claim to the land.

"The law of limitation of actions for land is founded upon notice. The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile claim. Under the three years statute, it is afforded by possession under title or color of title. Under the ten years statute, simply by possession. And under the five years statute, it is given by possession, the payment of taxes, and the registration of a naked deed. It is not the character of the deed as a conveyance of title which, under the five years statute, helps to put limitation in motion. It assists the operation of limitation under that statute merely because of the notice given of the adverse claim by its registration as an instrument which purports to convey, not the title, but the land."

The appellees have had adverse possession, used and enjoyed the property in question, paid all taxes before they became delinquent, and claimed title under the deed, duly giving notice to appellants of their claim all as required under Article 5509 and as found by the jury. Having complied with the terms of Article 5509, appellees have perfected title to said Lots Nos. 21 and 24 by virtue of the five year statute of limitation, and as to the small tract between Lots Nos. 23 and 24 simply by possession for ten years and regular chain of title.

Judgment of the trial court is affirmed.