GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. W. J. WIRTZ.

Decided May 4, 1909.

1.—Charge—Assumption of Fact—Error.

In an action against a railroad company for damages for personal injuries alleged to have been caused by the existence of an open ditch or trench in defendant's yards where plaintiff was required to work, the evidence being sharply conflicting as to whether or not there was in fact an open ditch or trench at the place alleged, it was reversible error for the trial court to assume in its charge the existence of the ditch or trench.

2.—Negligence—Pleading and Proof.

Where plaintiff's cause of action was predicated upon the negligence of the defendant in permitting an open ditch in its yards where plaintiff was required to work, the admission of testimony to the effect that defendant's premises could have been drained without leaving open ditches or trenches by putting in drains of a permanent character, was error.

Appeal from the District Court of Colorado County. Tried below before Hon. Munford Kennon.

*Baker, Botts, Parker & Garwood* and *W. B. Garrett,* for appellant.— Where, in a suit for personal injuries predicated upon negligence, the plaintiff's petition particularly specifies the facts and defects in the premises on which he relies as constituting negligence, the evidence

must be confined to the particular defects specified, and it is reversible error to admit evidence on other grounds of negligence not pleaded. Railway v. Hennessey, 75 Texas, 155; Johnson v. Railway, 27 Texas Civ. App., 616; Railway v. Summers, 49 S. W., 1106; Jernigan v. Brewing Co., 77 S. W., 260; Currie v. Railway, 106 S. W., 1149; Railway v. French, 86 Texas, 96; Railway v. Scott, 27 S. W., 827.

*Adkins & Green,* for appellee.—It is permissible in proving negligence, because of open ditches, to show that same could easily have been made safe, on the question as to whether or not defendant had used proper care to furnish a safe place for plaintiff to work. Galveston, H. & S. A. Ry. Co. v. Pitts, 42 S. W., 255, 258 (writ of error denied).

McMEANS, Associate Justice.—Appellee Wirtz brought this suit against appellant, Galveston, Harrisburg & San Antonio Railway Company, for damages for personal injuries alleged to have been sustained by him while in the service of appellant in the capacity of switchman at Glidden, and on a trial before a jury was awarded a verdict and judgment.

Appellee alleged that while he was engaged in removing a broken drawhead from a car at Glidden by direction of his foreman, he was injured by stepping into a ditch or trench which had been dug across the track for the purpose of draining the railroad yards, and predicated his right to recover on the negligence of the railway company in leaving the trench unfilled and in not filling and properly tamping the same so as to leave the ground level, and in stopping the car at a point so near the trench as to render the place at which plaintiff was required to work in removing the drawhead, unsafe. Appellant denied existence of the trench at that place. On the trial appellee testified to the existence of the trench as alleged by him, and further, that when pulling on the drawhead to withdraw it from the casement in which it was fitted, the drawhead yielded suddenly, slipping out toward him a distance of twelve or fourteen inches, and that this caused him to step backward, and in doing so his foot went into the trench, and this caused him to lose his balance, so that to keep from falling he had to retain his hold on the drawhead which was very heavy, and thus to sustain its weight, etc. None of the other witnesses who testified in the case corroborated appellee as to the existence of the trench, but on the contrary testified positively that no such trench was there. The issue was thus sharply drawn. Under this state of facts the court charged the jury as follows:

"If you find from the evidence that on the morning of the 10th day of July, 1906, while the plaintiff was attempting to remove the drawhead from the disabled car, the drawhead suddenly partially yielded to the efforts of plaintiff to detach it from the car while the plaintiff had hold of it, and that this caused the weight of the drawhead partially to fall upon the plaintiff's hands and against his body, and that, in an effort to sustain his balance and without negligence on his part, he stepped back and into a trench running across or partially across the track where he was at work, and thereby he was crushed down and

injured substantially as alleged in his petition; and if you further find from the evidence that the existence of the trench at that place was negligence on the part of the defendant, and the fact of the trench being at that place was the proximate cause of such injury, then the plaintiff would be entitled to recover for such injuries as were the proximate result of such negligence, unless such injury resulted from a risk assumed by plaintiff."

This charge is assailed by appellant's eleventh assignment of error, which complains that the charge is erroneous because it assumes as a fact the existence of the trench across the track at the place of alleged injury, when the existence of the trench at that place was a vigorously controverted issue of fact. We are of the opinion that the assignment is meritorious and requires a reversal of the judgment. It was the province of the jury to determine from all the evidence whether or not there was a trench at the place in question, and the charge quoted clearly invades that province. We do not think that the error was cured by other portions of the charge or by any special charge given. (St. Louis S. W. Ry. v. Smith, 63 S. W., 1064; Missouri, K. & T. Ry. v. Williams, 17 Texas Civ. App., 675; Campbell v. Ellsworth, 20 S. W., 120; Gulf, C. & S. F. Ry. v. Finley, 11 Texas Civ. App., 64.)

The sixth, seventh and eighth assignments complain of the admission in evidence over defendant's objection of the testimony of certain witnesses offered by plaintiff to prove that the yards at Glidden could have been drained without leaving open ditches or trenches by putting in drains of a permanent character; that planks 1 by 6 inches could be nailed on the cross-ties, leaving a space underneath for water to escape, and that wooden box culverts or boxes of sheet iron drilled with holes could be used to accomplish the purpose. Appellee did not in his petition predicate negligence upon a failure upon the part of the railway company to make use of such permanent drains, and under his pleadings the admission of the testimony objected to was error. While the error is not such as would probably require a reversal, we pass upon the assignments merely in view of another trial.

As the judgment must be reversed, we forbear passing upon the assignments which call into question the sufficiency of the evidence to sustain the verdict and judgment.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*