A. H. AND G. H. HARRIS v. C. M. WELLS ET AL.

No. 7468.

1. **Illegal Sale Under Article 4603, Paschal's Digest.** — The sale denounced in article 4603, Paschal's Digest, is one that "illegally affects" the separate property of the wife. It requires a sale effected; one that in the appearance of things attempts to convey title to the property of the wife. This statute does not apply to a deed signed by husband and wife and wanting in the privy acknowledgment of the wife. See defective certificate of privy acknowlment.

2. **Registration of Deed Under Limitation of Five Years.** — A deed signed by husband and wife, but not duly acknowledged by the wife, the acknowledgment by the husband being legal, where there is nothing to show otherwise than that the land conveyed was community property, is a sufficient basis for limitation under recorded deed under the five years statute; and this although the land be the separate property of the wife.

3. **Tacking Disabilities.** — Suit by heir of the mother for land alleged to have been the mother's separate property. The land had been the subject of an attempted sale, but which was void as to the mother by reason of defective certificate of privy acknowledgment. The plaintiff was a minor at her mother's death. *Held*, that limitation began at the mother's death, and was not interrupted by the subsequent marriage of the daughter, who was the plaintiff.

APPEAL from Collin. Tried below before Hon. H. O. HEAD.

*Craig & Wolfe*, for appellants. —1. The land in controversy being the separate property of M. J. Stewart, the conveyance by J. H. Stewart to W. L. Foster without a sufficient privy acknowledgment of his wife, the said M. J. Stewart, was an illegal sale within the meaning of article 4603, Paschal's Digest. Hunton v. Nichols, 55 Texas, 217.

2. The sale to W. L. Foster on September 12, 1867, being an illegal sale of the wife's separate lands, no limitation began to run against appellant A. H. Harris or her mother, M. J. Harris, and the repeal of article 4603, Paschal's Digest (section 11, Act of 1840), by the adoption of the Revised Statutes, did not put the statute in motion, appellant being a minor. Pasch. Dig., art. 4603; Rev. Stats., art. 5, Final Title.

3. Appellant A. H. Harris being exempted from the operation of the statute of limitation by article 4603, Paschal's Digest, and being a minor at the date of the repeal of said act, the statute of limitations would not begin to run against her until she should marry or arrive at majority.

*T. J. Brown, M. H. Garnett*, and *Muse & Mangum*, for appellees.

1. Mrs. M. J. Stewart joined her husband in the sale to Foster, which was lawful; and the sale was not illegal, but simply ineffectual to pass title, because of the officer's certificate. Hunton v. Nichols, 55 Texas, 217.

2. The cause of action accrued to Mrs. Stewart in her lifetime, and

upon her death the statute commenced to run against her children, because their disability of minority could not be tacked to the coverture. Hunton v. Nichols, 55 Texas, 217; Thorpe v. Raymond, 16 How., 247.

3. The law of limitation in force at the time of the trial governs. No one can have a vested right in such law, or in an exception to the general rule. Gautier v. Franklin, 1 Texas, 732; Terry v. Anderson, 75 U. S., 628.

4. If it were true that the sale to Foster was illegal within the meaning of article 4603, Paschal's Digest, still its repeal would have set the statute to running against appellant, because the exception would not exist. Ragsdale v. Barnes, 68 Texas, 504.

FISHER, JUDGE, *Section B.*—This was an action by appellants against appellees to recover an undivided one-half interest in 80 acres of land in the Grafton Williams survey, in Collin County. The suit was in form of trespass to try title and for damages.

Appellant A. H. Harris claimed the same to be her separate property by inheritance from her deceased mother, Mrs. M. J. Stewart. Appellees pleaded general denial, not guilty, suggested improvements in good faith, and the five and ten years statutes of limitations. Appellants replied by supplemental petition, alleging that the land sued for was the separate property of M. J. Stewart, the mother of the appellant A. H. Harris; that her said mother had not during her life disposed of said land in a manner binding upon her or her heirs, or as was provided by law for the sale by married women of lands belonging to their separate estates; that Mrs. Stewart died intestate on ⸺ day of ⸺, 1877, while appellant A. H. Harris was a minor; that she continued to be a minor until her marriage in 1889. The court rendered judgment for appellees, sustaining their pleas of the five and ten years statutes of limitations.

The case was submitted to the court below upon the following agreed facts: That the land in controversy was the separate property of M. J. Stewart; that M. J. Stewart was the wife of J. H. Stewart, and that plaintiff A. H. Harris is their daughter. M. J. Stewart died intestate on the 21st day of January, 1878, leaving as survivors her husband J. H. Stewart and two children, Nannie Hendricks and plaintiff A. H. Harris. J. H. Stewart married in 1885. Nannie Hendricks married before the death of her mother, and is now 28 years of age. Plaintiff A. H. Harris was born July 27, 1872, and was married to her coplaintiff, G. H. Harris, August 9, 1889.

On the 12th of September, 1867, the said J. H. Stewart and M. J. Stewart executed and delivered to W. L. Foster a general warranty deed, conveying the land in controversy for a consideration of $500 cash paid. That said deed and the acknowledgment of J. H. Stewart are regular in form. The privy acknowledgment of M. J. Stewart was as follows: "And

the said M. J. Stewart having been by me examined separate and apart from her said husband, declared that she signed the same willingly and freely and wished not to retract it." The acknowledgment was taken before J. M. Benge, county clerk of Collin County, Texas, on the 12th day of September, 1867. The said Benge died in 1881. W. L. Foster conveyed the land to G. R. Yantis on the 30th of June, 1868, by deed, which was duly acknowledged and duly recorded on the 19th of March, 1870, in the records of Collin County, Texas.

The defendants in this suit claim the land sued for by mesne conveyances from the said G. R. Yantis, by deeds duly recorded and executed. At the time of the execution of the deed to W. L. Foster he went into the peaceable possession of said lands; he and the defendants, and those under whom the defendants claim title to said lands, have since the said 12th of September, 1867, had the peaceable adverse possession of said land up to the time of the institution of this suit; during all of this time the defendants and those under whom they claim title have claimed to own the same adversely to every one; defendants and those under whom they claim have during all this time paid all taxes on said land; and during all said time since the 12th day of September, 1867, the defendants and those under whom they claim have had exclusive adverse possession of the land under said conveyances, using, cultivating, and enjoying the same.

Upon these facts the court concluded this to be the law: " That the sale by J. H. and M. J. Stewart to W. L. Foster was not an illegal sale within the meaning of article 4603, Paschal's Digest, and that the statutes of limitation commenced to run in favor of defendants upon the death of said M. J. Stewart, on January 21, 1878, and that the plaintiffs were barred by both the five and ten years statutes of limitation before the institution of this suit."

There are other conclusions of law found by the court, which we consider not necessary to state, as we dispose of the case upon the proposition of law already stated.

Appellants contend that this conclusion of the court is erroneous, for the reason:

" The court having found that the land in controversy was the separate property of Mrs. M. J. Stewart, who was the mother of appellant A. H. Harris, erred in his conclusion of law that the sale by J. H. and M. J. Stewart to W. L. Foster was not an illegal sale, and that the statutes of limitation commenced to run against appellants upon the death of said M. J. Stewart, on January 21, 1878, the findings of fact showing that there was no sufficient privy acknowledgment of said M. J. Stewart to the deed conveying said land to the said W. L. Foster, and because said deed was a nullity. The land in controversy being the separate property of M. J. Stewart, the conveyance by J. H. Stewart to W. L.

Foster, without a sufficient privy acknowledgment of his wife, the said M. J. Stewart, was an illegal sale within the meaning of article 4603, Paschal's Digest.''

The position that appellants take is, that if the sale was illegal within the meaning of article 4603, Paschal's Digest, limitation did not commence to run against appellant A. H. Harris until her marriage, she being a minor; and that the death of her mother did not put the statutes of limitation in operation, although the appellees and those under whom they claim were in adverse possession of the land before her mother died. The Act of January 20, 1840 (Paschal's Digest, article 4603), provides, that if during coverture a sale of the lands or slaves of the wife be illegally effected, no limitation shall run during coverture; and if the wife shall not survive the dissolution of the marriage, limitation shall not commence running as to the children of the deceased mother until all of the children shall have arrived at the age of majority, or those under that age shall have married. This act is no longer in force. It was repealed by the adoption of the Revised Statutes.

It is not believed that the attempted sale complained of is an illegal sale within the meaning of the statute quoted. In other words, the statute does not embrace this character of sale. The sale denounced is one that " illegally affects '' the separate property of the wife. It requires a sale effected; one that in the appearance of things attempts to pass and convey title to the property of the wife. The deed here complained of does not appear to have that effect. It is worthless as a sale of the separate property of the wife. Her title is not affected by this deed.

The acknowledgment of the deed being good as to the husband, its registration is sufficient to carry with it the statute of five years limitation, as it does not appear from the facts that the instrument upon its face shows that the property mentioned is the separate property of the wife. A party selling need not have title, and in fact may be without title; but if the deed is not void on its face, it will support the statutes of limitations of five years. McDonough v. Jefferson County, 79 Texas, 539; Horton v. Nichols, 55 Texas, 218–230.

We think the facts protect appellees under both the five and ten years statutes of limitation.

We conclude the judgment should be affirmed, and so report.

*Affirmed.*

Adopted June 21, 1892.