H. SCHLEICHER, ADMINISTRATOR, ET AL. v. J. M. GATLIN.

No. 7302.

1. **Adverse Possession.**—To constitute possession of land adverse under the statute of limitations, the holding must be against the claim of all other persons. Occupying land under belief that it was vacant, with intent to obtain title from the State, is not adverse possession. It is not necessary that the owner be known in case of occupancy under claim of ownership.

2. **Acknowledgment to Deed.**— A certificate of acknowledgment to a deed recited: "Personally appeared J. T. Bates, tax collector of said county, to me well known, and acknowledged," etc. "J. T. Bates, tax collector of Concho County." This was a substantial compliance with the statute in the form of the certificate.

3. **Tax Deed—Limitation.**—A tax deed is admissible in evidence to support the plea of five years limitation, as well as of claim for improvements made in good faith, without proof of a levy of the tax and the usual prerequisites to a sale for the taxes.

4. **Tax Deed for Several Surveys Sold Together Void.**— A tax deed showing on its face that the sale for taxes evidenced by it was made of several tracts of land in gross is void.

5. **Tax Deed Void on its Face will not Support Limitation of Five Years.**—A tax deed void on its face is not a deed as meant by the statute of limitation of five years.

APPEAL from Concho. Tried below before Hon. J. W. TIMMINS.

*Sidon Harris*, for appellants.—1. A sale for taxes for several surveys of land in gross is void; and a deed showing upon its face such a sale is void, and can not be adduced in evidence in support of a claim for improvements. Fant v. Branin, 5 Texas Law Rev., 764.

2. Possession, to be of any value to vest a right or bar a remedy, must be actual, continuous, visible, notorious, distinct, and hostile, commencing and continuing under a claim of right, inconsistent with and hostile to the claim of the true owner, with the intention on the part of the possessor to claim and make the land his own. Rev. Stats., art. 3198; Parker v. Baines, 65 Texas, 609; Bracken v. Jones, 63 Texas, 186; Satterwhite v. Rosser, 61 Texas, 171; Chance v. Branch, 58 Texas, 493; Word v. Drouthett, 44 Texas, 369; Chandler v. Rushing, 38 Texas, 595; Sloan v. Martin, 33 Texas, 418; Wheeler v. Moody, 9 Texas, 377; Tyler on Eject., 912; Ang. on Lim., secs. 384, 385, 390, 399.

*Wingate & Guion*, for appellee.—1. The court charged fully and correctly the law " peculiarly applicable to the facts and circumstances of this case " as to the ten years statute of limitation, the definition of the law conferring such relief, and in the definition of adverse possession; and did not err in refusing to give special charge asked by plaintiffs on the ques-

tion of adverse possession, because the same was not applicable to the facts and circumstances of this case. Pearson v. Boyd, 62 Texas, 544; Gillespie v. Jones, 26 Texas, 343; Word v. Drouthett, 44 Texas, 369; Whitehead v. Foley, 28 Texas, 269; Melton v. Turner, 38 Texas, 81; Wheeler v. Moody, 9 Texas, 376, 378; Cunningham v. Frandtzen, 26 Texas, 34; Kinney v. Vinson, 32 Texas, 125.

2. One who enters upon the land of another without right, and erects houses and opens fields thereon, continuously occupying the houses and using the land for such purposes as the land is adapted to, is a trespasser; but if this condition of affairs be permitted by the owner to continue for a period of ten years, without interruption by suit to recover the land, this trespasser—this naked trespasser—will, under the law, lose that character and become the owner of the thing possessed. Craig v. Cartwright, 65 Texas, 421.

GARRETT, Presiding Judge, *Section B.*—This is an action of trespass to try title, brought December 20, 1888, by G. H. Schleicher, as administrator of the estate of Gustav Schleicher, deceased, and Albert Dreiss, against J. M. Gatlin, to recover four surveys of land containing 160 acres each, being surveys numbers 1843, 1844, 1845, and 1846, all situated in Concho County, and patented to J. Vogel. The defendant disclaimed as to surveys 1844 and 1845, and as to surveys 1843 and 1846 he pleaded not guilty, a tax title, limitations of five and ten years, and improvements in good faith. To the defendant's pleas the plaintiffs demurred generally and specially. The demurrers were overruled, and plaintiffs excepted. Trial was had before a jury May 10, 1889, and resulted in a verdict and judgment in favor of the defendant for survey number 1846 upon his plea of ten years limitation.

Appellants' assignments of error, with respect to the charge of the court given to the jury upon the statute of limitations, and the refusal of the instructions thereon requested by them, and that the verdict of the jury is not sustained by the evidence, present the question as to the legal sufficiency of the testimony to sustain the finding of the jury of ten years limitation in favor of the defendant; and it will not be necessary to notice them in detail.

It is contended by the appellants, that the defendant entered upon the land with no intention to claim the same adversely, and that his possession thereof was never adverse to the true owner.

In support of his plea of ten years limitation, the defendant testified, that he moved on the land in July, 1876; that he was moving west with some stock, looking for a place to stop, and found a man named Gordon occupying the land, who told him that it was vacant. He traded Gordon a bull for his claim, and afterward built a puncheon house on the survey 1846. He had lived on this survey continuously ever since July, 1876,

and had made other improvements thereon. In August, 1882, he built a lumber dwelling house worth $1000 or $1200; also a rock corral worth $200; and his brother-in-law built in the same year, 1882, with defendant's permission, a house worth $250, for which defendant paid him in 1884 $280. Defendant has 45 or 50 acres of land enclosed. It was all enclosed in 1876, and about 35 acres of it has been in cultivation ever since. The enclosure includes four or five acres of survey 1843. Defendant thought the land was vacant until 1879, when he was informed that the plaintiffs owned it. He had intended to pre-empt the land, but did not know where to go to file on it, as Concho County was then unorganized. No taxes were ever paid on the land by him until 1880, when he bought it at tax sale. He had rendered it and paid the taxes on it ever since. Four or five years before the trial of the case he went to De Witt County to see Governor Stockdale, but did not offer to buy the land.

In behalf of the plaintiffs, one Ratchford testified, that he had once acted as agent for plaintiffs, and had negotiated with defendant to sell him the land in controversy; and that defendant had told him, before the trial of the case, that he had once offered Proctor, who was plaintiffs' agent, $1.25 per acre for the land, and had also once offered Governor Stockdale, the husband of one of the heirs of Gustav Schleicher, deceased, $1.50 per acre for the land.

Bierschwale testified, that he had been agent for plaintiffs to sell the land in controversy, and had seen defendant in Mason in 1885, and spoke about selling the land to him; that defendant said he was not able to buy the land then, but wanted to buy it, and intended to buy it when he got able; that he saw defendant again in about six months, and had a conversation with him to about the same effect. In 1888 he saw defendant at the house on the land, and the latter said he had not been able to sell any cattle, and had no money, but that if he could make the necessary arrangements for money he would come down to Mason and see witness about buying the land; that he wanted survey 1846 any way. This witness produced a letter written by the defendant to Holmes & Bierschwale, dated April 27, 1888, in which he stated that the times were hard, and that the price asked for the land was too high, but that he would go down to Mason and see them about the land next month.

Defendant said he did not remember offering to buy the land from plaintiffs, and had never proposed nor offered to buy it from any one; that he had never recognized plaintiffs' claim to the land in controversy.

Under the defendant's own statements, his holding was not adverse until 1879, for he believed until then that the land belonged to the State. Mhoon v. Cain, 77 Texas, 317. The holding must be against the claim of all other persons to be adverse, and, as held in Craig v. Cartwright, 65 Texas, 424, such holding may be deemed adverse in all cases in which

occupancy and exercise of ordinary acts of ownership are shown, unless the holding is shown to have been in subordination to the title of the real owner; but it is not necessary that the real owner should be known. The defendant failed to show such possession as would give him title under the statute of ten years limitation.

It becomes immaterial whether the action of the court in overruling the plaintiffs' demurrer to the defendant's plea setting up the ten years statute of limitation was correct or otherwise, as he failed to sustain his plea.

It follows from the foregoing disposition of the question with regard to the ten years limitation, that the judgment of the court below must be reversed, unless it can be sustained, if otherwise correct, under the plea of five years limitation.

Defendant put in evidence a tax deed from the tax collector of Concho County to him, in order to support his plea of improvements made in good faith, and of the five years statute of limitation. No evidence was offered in connection with this deed to show a levy of taxes and other prerequisites to title under a tax deed, and it was admitted, over the objection of plaintiffs on grounds relied on in their brief, as follows: (1) The deed was void on its face, because it showed that four separate and distinct surveys had been sold as the property of unknown owners for an aggregate tax of $6.40, without designating what amount of tax was due by each unknown owner, or on each survey. (2) It was not shown that the prerequisites of a sale had been complied with. (3) The deed was not properly acknowledged for record.

The certificate of acknowledgement, instead of reciting that the grantor was known to the officer taking the acknowledgment to be the person who executed the deed, recited, " Personally appeared J. T. Bates, tax collector of said county, to me well known, and acknowledged," etc. The deed was signed "J. T. Bates, tax collector of Concho County." This was a substantial compliance with the statute. Rev. Stats., arts. 4309, 4312; Schramm v. Gentry, 63 Texas, 583; Salmon v. Huff, 80 Texas, 136.

A tax deed is admissible in evidence to support the plea of five years limitation as well as of improvements made in good faith, without proof of a levy of the tax and the usual prerequisites to a sale for the taxes. Fowler v. Simpson, 79 Texas, 618; Seemuller v. Thornton, 77 Texas, 158; House v. Stone, 64 Texas, 683.

An inspection of the tax deed admitted in evidence will show that the four surveys for which plaintiffs brought this suit, and as to two of which the defendant has set up title under the five years statute of limitation, having disclaimed as to the others, were sold as one tract, or in gross, as the property of unknown owners, and that all were bought by the defendant for the sum of $16.40. A deed showing on its face that the sale

for taxes was made of several tracts of land in gross is void.   Fant v.
Branin (Sup. Ct. Texas), 5 Texas Law Rev., 764.   The question arises
whether or not a tax deed void on its face, but purporting to convey the
land, is a deed within the meaning of the five years statute of limitation.
A void deed duly registered is a sufficient memorandum of title under the
ten years statute to fix the boundaries of the possessor's claim (Wofford v.
McKinna, 23 Texas, 36); but in such case it is considered a memorandum
of title other than a deed.

We find the expression in some of the cases, that a tax deed not void
on its face will support the plea of five years statute of limitation; but an
examination of the cases will show that wherever this has been held, the
deed was void for the want of a sufficient description of the land.

In Fry v. Baker, 59 Texas, 405, the deed of a married woman, it not
appearing on the face of the deed but that she was a feme sole, was deemed
sufficient to support the plea.   In the discussion of the question the court
said:   "However, the rule is well established, that a conveyance void on
its face is not a deed in contemplation of the statute, and will not support
the defense of five years limitation."   A deed void for uncertainty of
description must necessarily be held insufficient to support the plea, be-
cause, as was said in Kilpatrick v. Sisneros, 23 Texas, 136, "the object
of the statute in prescribing registry of the deed as necessary to enable
the possessor to avail himself of the five years limitation, is to give no-
tice to the owner that the defendant in possession is claiming under the
deed, and if there is such falsity, or uncertainty of description, as that
it will not answer the purpose intended, it can not be considered a deed
duly registered, within the meaning of the statute."

But in order to comply with the statute there must not only be a suf-
ficient description of the land, so as to enable the owner to know that it
is the land claimed, but the possession must be under a deed — not some
memorandum of a title other than a deed.   "The statute intends an in-
strument which is really and in fact a deed, possessing all the essential
legal requisites to constitute it such in law;   *   *   *   an instrument, by
its own terms, or with such aid as the law requires, assuming and pur-
porting to operate as a conveyance; not that it shall proceed from a party
having title, or must actually convey title to land, but it must have
all the constituent parts, tested by itself, of a good and perfect deed."
Wofford v. McKinna, 23 Texas, 43.   And it "must be such as would vest
the right of possession in the party claiming under it.   The bar of the
statute will not be prevented because the deed is inoperative by reason of
extraneous circumstances."   Bombarger v. Morrow, 61 Texas, 419.
Tested by itself, the tax deed relied on by the defendant in this case
shows that the title did not pass, because there was no such sale of the
land as was authorized by law.   There is no necessity of resorting to ex-

traneous circumstances to show that the deed is void. Its own recitals show that, and no recovery of the land could be had in a suit based thereon. A void instrument will not support color of title under the statute of three years limitation. Green v. Hugo, 81 Texas, 452. The requirements are more rigid under the five years statute, because the chain of title is dispensed with; and possession and other incidents of ownership, including a deed, are made necessary. Mitchell v. Burdett, 22 Texas, 633. The deed is required because it should be a deed; a solemn act purporting to convey the title to the person in possession, and upon its face conveying the title. It is not required in order to furnish constructive possession to boundaries when all the land claimed is not actually occupied, for in that case the language of the statute would have been the same as it is in the case of ten years limitation. There was some reason for the use of the word "deed," instead of the words employed in the other articles of the statute.

We should not be misled by the phrase "color of title," as it is used in the construction of the statutes of other States, because it is used in a different sense from that defined in our statute. A claim under "color of title," in its general sense, is such as to give constructive possession to the boundaries claimed where there is no actual possession of all the land, as under our ten years statute. When a person enters upon land without any deed or color of title, he is a naked possessor, and his possession is restricted to the land actually occupied by him; but when he goes into possession under "color of title," as generally understood, it gives constructive possession to the boundaries defined in the instrument under which he holds; and many of the authorities from other States agree with our own in holding that such instrument need not be valid as a conveyance on its face. Charle v. Saffold, 13 Texas, 113; Wood on Lim., sec. 259, and notes. Our five years statute evidently bases the claim upon a deed, and the extension by constructive possession to the boundaries defined in the deed is incidental thereto. The writing must be upon its face a deed. If, upon applying the rules of law, it appears on its face void, then it is not a deed, but a mere memorandum or other writing.

We are of the opinion that the tax deed was not admissible in evidence in support of the defendant's plea of five years statute of limitations; but it was admissible in support of his plea of improvements in good faith, as the question of whether or not the defendant might be a possessor in good faith is one that should be left to the jury, under proper instructions from the court; for it has been held that one in possession under a void tax deed may be a possessor in good faith. House v. Stone, 64 Texas, 683; Berry v. Donley, 26 Texas, 737; Hill v. Spear, 48 Texas, 583.

It is not necessary to notice the remaining question presented by the appellants in their brief.

We conclude that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 21, 1892.

STAYTON, CHIEF JUSTICE, dissenting.—For the purposes of this case, let it be conceded that it appears from the tax deed that the tax collector sold in gross four tracts of land, assessed to unknown owners, for the taxes due on all of them; does it follow from this that the tax deed was void, in such sense as to deprive it of the character of a deed, as the word is used in the statute prescribing the right of a person who holds lands for the period of five years with the payment of taxes " under a deed or deeds duly registered?"

" The object of the statute, in prescribing the registry of the deed as necessary to enable the possessor to avail himself of the five years limitation, is to give notice to the owner that the defendant is claiming under the deed." Kilpatrick v. Sisneros, 23 Texas, 136.

This purpose is manifest, and ought to be kept steadily in view in every inquiry as to the sufficiency of a paper to constitute what, within the meaning of the statute, is a deed.

It has been repeatedly held, that a paper which does not contain a sufficient description of the land, when aided by such extrinsic evidence as is admissible for that purpose as will identify it, is not sufficient to sustain five years limitation; but the reason of this is, that such a paper does not purport to convey any particular land—does not purport to convey any land at all—and hence when registered can not give notice of adverse claim to any particular land, or to any land.

The purpose of the statute is to require notice of adverse claim to the particular land to be given in the manner prescribed; but deeds have been held sufficient to do this when the description was very general, as in the case of Cantagrel v. Von Lupin, 58 Texas, 578, where the description was, all the lands of the grantor situated in the county named.

That description had to be aided by other registered deeds, but was held sufficient.

The difficulty in this case does not arise from any want of full and accurate description of the land the tax collector's deed purports to convey, but goes to the question of his lawful power to sell the land as he did, and to convey four tracts by one deed.

The question of power to sell and convey will necessarily enter into every inquiry as to the title or right-bearing capacity of a deed; for unless the person executing it has power to convey, title can not pass by his deed.

Is a writing, executed as the law requires conveyances of land to be, which upon its face purports to convey land therein described, any less

a deed, within the meanings of the statute, because executed by a person not having power or right to convey, than would it be if the person had full power legally to execute it?

A deed executed by a person having neither power nor right to convey land it purports to convey will support the statute, the other necessary facts existing. Wofford v. McKinna, 23 Texas, 43; Flanagan v. Boggess, 46 Texas, 335; Hunton v. Nichols, 55 Texas, 230.

Does the fact that a deed may, upon its face, develop a defect, either in the power of its maker or in his right to convey, make it, when placed on record, less effective notice of an adverse claim than would it be if no such defect appeared?

Such a defect may defeat the operation of the conveyance as a vehicle for the transmission of right, and may show that a person well informed in the law would not assert claim under it, but can not deprive the paper of the character of a deed, nor divest it, when recorded, of its capacity to give notice of adverse claim.

What is a deed, within the meaning of the statute? The books tell us that "a deed is a writing sealed and delivered by the parties;" but under the statutes of this State the sealing is unnecessary in most cases.

It was correctly said, in Wofford v. McKinna, that by the word "deed" "the statute intends an instrument which is really and in fact a deed, possessing all the essential legal requisites to constitute it such in law. As is very well expressed in brief of counsel, it must be an instrument, by its own terms, or with such aid as the law requires, assuming and purporting to operate as a conveyance; not that it shall proceed from a party having title, or must actually convey title to the land; but it must have all the constituent parts, tested by itself, of a good and perfect deed."

The instrument in question was in writing, signed by its maker, and by him properly acknowledged; it names the grantee, and assumes to convey to him the land in it described; it has all the constituent parts, tested by itself, of a good and perfect deed, and was delivered, and I see not the slightest reason to doubt that, within the meaning of the statute, it is a deed.

In Flanagan v. Boggess the sole purpose of the registered deed is again asserted, and after referring to preceding cases, the opinion declares, that "those cases go no further than to hold such deeds not to be deeds duly registered under the statute, when there is on their face such uncertainty of description, or such contradictory description, that they do not serve to designate the land conveyed. Where a tax deed gives what on its face appears to be a sufficient description of the land conveyed, and there is no evidence developing any latent uncertainty, those cases do not decide that such a deed does not satisfy the statute."

No case can be found in this State in which it has been held, that a deed void for other cause than want of sufficient description would not

support limitation based on adverse possession for five years, the other statutory requisites being shown. A broad statement of such a rule was made in Fry v. Baker, but the cases cited in support of it were cases in which the deeds were held void for want of sufficient description of the land intended to be conveyed.

Bombarger v. Morrow was a case in which a person conveying a tract of land reserved a life-estate to himself, and by reason of his possession under this reservation, the remainderman sought to avail himself of the statute on the deed executed to himself, without showing that his grantor held under a registered deed; and the expressions in the opinion must be considered in the light of the facts before the court. Giving full effect to the deed in that case, the possession could not be referred to it.

In Parker v. Bains, 59 Texas, 15, a party set up limitation of five years, basing his right, so far as paper title went, on a grant made after the closing of the Land Offices in 1835. Such grants were void, and bore evidence of their invalidity on their faces; and while it was held, in accordance with a long line of decisions, that such a title would not sustain limitation based on three years adverse possession, the intimation was that the title would sustain the plea of five years if the other necessary facts were proved, but they were wanting.

In Wood v. Welder, 42 Texas, 396, that a grant, not to a colonist, within the littoral leagues, made after the year 1824, and not showing the consent of the executive of the Mexican nation, would sustain five years limitation, if the testimonio was duly recorded, was not questioned; but in such a case it might be held that as consent to the grant might be shown otherwise than in the grant itself, this class of cases would not bear directly on the question involved in this case.

To make the question of power to execute a paper having all the forms and requisites of a deed, whether this appears in the deed or by extrinsic evidence, an inquiry in determining whether a paper is a deed, seems to me wholly inadmissible, under a statute in which the existence of a deed and its record is only necessary in order to give to the real owner notice of adverse claim; and I do not concur in so much of the opinion in this case as holds that the tax deed, with the other necessary facts, would not support limitation based on five years adverse possession. The statute evidences the opinion of the Legislature that a forged instrument may be, within the meaning of the statute, a deed, but expressly denies the benefits of this particular law of limitation to such persons as hold under them.