## W. J. ROSEBOROUGH V. ELLEN COOK ET AL.

### No. 2476. Decided April 18, 1917.

**1.—Limitation—Registered Deed.**

To support title by limitation through possession, etc., for five years under a deed duly registered, it is not necessary that any title be acquired by the deed. It is sufficient that it is an instrument purporting to convey the land. (P. 366.)

**2.—Same.**

The effect of a registered deed in supporting limitation by possession, etc., for five years under it depends upon the notice of adverse claim given by its registration, and not at all on its validity as a conveyance of title. (P. 366.)

**3.—Same—Lis Pendens.**

The effect of lis pendens operates only during the pendency of the suit, and only as to those matters involved in the suit. Judgment in a pending partition suit which destroys the title of one claiming, under a deed from one part owner, land which the decree therein sets apart to another, does not affect the operation of that conveyance as a registered deed supporting title by limitation. (Pp. 366, 367.)

**4.—Same—Partition—Case Stated.**

Part owners of land, during the pendency of a suit for partition to which they were parties, conveyed by metes and bounds a part of the land to one not a party to the suit. This portion of the land was, by the decree of partition, set apart, not to these grantors, but to another part owner. Held that the decree, while depriving such grantee of title, did not affect his deed as a registered conveyance supporting limitation. Having held possession under his recorded deed, cultivating and using the land and paying taxes thereon for five years after such decree, he acquired title against those to whom it was allotted in the partition. (Pp. 365-368.)

**5.—Cases Distinguished.**

Paxton v. Meyer, 67 Texas, 97, and Voight v. Mackle, 71 Texas, 78, distinguished from this case. (P. 368.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.

Roseborough sued Cook and others for the recovery of land. He

obtained writ of error on the affirmance on his appeal (148 S. W., 1120) of a judgment for defendants.

*F. H. Prendergast,* for plaintiff in error.—The law seems to be well settled that all persons who purchase from litigants during the pendency of a suit are bound by the decree, and writ of possession or other appropriate writ will run against them in execution of the judgment, and this applies to suits for partition and purchases, from the plaintiff or defendant in the suit. Briscoe v. Bronaugh, 1 Texas, 333; Paxton v. Meyer, 67 Texas, 97; Richards v. Smith, 67 Texas, 611; Lee v. Salinas, 15 Texas, 497; Freeman on Coten & Part., sec. 470; Bennett, Lis Pendens, secs. 293, 249, 155, 288, 239, 288; Pom. Eq. Jur., secs. 632, 633; Rev. Stats., arts. 3625, 5275; De LaVega v. League, 64 Texas, 205; Price v. Taylor, 62 S. W. (Ky.), 270; Voight v. Mackle, 71 Texas, 78; Brokel v. McKechnie, 69 Texas, 33.

*James Tucker, A. G. Carter,* and *Beard & Davidson,* for defendants in error.—The defendant in a partition decree or his vendee pendente lite may prescribe under the five-year statute of limitation under duly recorded deed, and the effect of such decree is not to annul said deed for that purpose. Acts 1905, p. 316, secs. 1 to 4; Hunton v. Nichols, 55 Texas, 230; Allen v. Pierson, 60 Texas, 608; Craig v. Cartwright, 65 Texas, 413; Shields v. Boone, 22 Texas, 198; Cobb v. Robertson, 99 Texas, 138; Logan v. Robertson, 83 S. W., 400; Pendleton v. McMains, 32 Texas Civ. App., 575, 75 S. W., 350; Sayles' Stats., arts. 3342, 3347, 3348, 3349.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

Pending a suit, filed in the year 1900, for partition of certain land, two of its joint owners, Turner and Blair, by regular warranty deed conveyed a part of it,—including the 20-acre tract here in controversy, to Ellen Cook, the defendant in error, a stranger to the partition suit. By the decree subsequently rendered in that suit the tract here involved was set apart to another of the joint owners, Ruby Faust, under whom Roseborough, the plaintiff in error, claims by direct conveyance. No writ of possession against Ellen Cook ever issued on the judgment.

Prior to the conveyance by Turner and Blair and during the pendency of the partition suit, they had contracted to convey the land described in their deed to Tom Cook, Ellen's husband, in contemplation, doubtless, that it would be allotted to them in the partition. Tom Cook died, and the deed was made to Ellen. She paid for the land, registered her deed, held possession of the land under the deed, improved it, and, whether the period of limitation be reckoned from the date of the deed or the date of the judgment in the partition suit, acquired title under the five years statute of limitation, if the deed of Turner and Blair afforded sufficient basis for such a title.

The question presented by the case,—whether the judgment in the

partition suit had the effect of cancelling the deed for the purposes of limitation under the five years statute, is one of interest, and is not free from difficulty. It is, however, capable, we think, of accurate solution by bearing clearly in mind the office of a deed under the five years statute, the operation of the lis pendens rule, and the effect of the judgment in the partition suit under such rule. It was before the court, but not determined in Letney v. Marshall, 79 Texas, 513, 15 S. W., 586.

To support limitation under the five years statute it is not necessary that the deed, under which the claim is made, convey any title. The grantor may be wholly barren of any vestige of title; the deed may, therefore, pass no semblance of title; yet, if it describes and purports to convey the land and tested by itself is upon its face a good deed, it meets the requirement. Wofford v. McKinna, 23 Texas, 36, 76 Am. Dec., 53; Schleicher v. Gatlin, 85 Texas, 270, 20 S. W., 120; Harris v. Wells, 85 Texas, 312, 20 S. W., 68.

Accordingly, if Ellen Cook had a deed to this land, good upon its face and which retained its validity as such, if she claimed under it, with it duly registered, and met the other requirements of the statute, as she did, for a continuous five-year period, she acquired title to the land by limitation, though she never acquired and at no time had any title whatever in virtue of the deed.

It is thus clear that a deed under the law governing five years limitation has a character distinct from that of an effectual muniment of title. For the purpose of such limitation it performs an office unrelated to title, and although as a conveyance of title it may be futile. That office is simply to aid the possession as a means of notice of the adverse claim to the land.

The law of limitation of actions for land is founded upon notice. The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile claim. Under the three years statute it is afforded by possession under title or color of title. Under the ten years statute, simply by possession. And under the five years statute it is given by possession, the payment of taxes, and the registration of a naked deed. It is not the character of the deed as a conveyance of title which, under the five years statute, helps to put limitation in motion. It assists the operation of limitation under that statute merely because of the notice given of the adverse claim by its registration as an instrument which purports to convey, not the title, but the land.

The rule of lis pendens does not prohibit and hold void a conveyance during the pendency of the suit. The interest of the grantor merely passes subject to the determination of the cause. If the grantor recovers the interest, the grantee succeeds to it. If the grantor does not recover it, the grantee acquires nothing. Bennett on Lis Pendens, secs. 167, 183. So, the deed of Turner and Blair to Ellen Cook was not void, though given while the partition suit was pending. Had the decree

awarded Turner and Blair this particular tract, Ellen Cook would have undoubtedly acquired the title to it under the deed.

Furthermore, a lis pendens operates only during the pendency of the suit, and only as to those matters that are involved in the suit. It terminates with the judgment, in the absence of an appeal. Bennett on Lis Pendens, sec. 78. There was no appeal in the partition suit.

True, the judgment in the partition suit cancelled Ellen Cook's title to the land. After the judgment she stood without any title. But under the five years limitation statute it was not necessary that she have any title. The judgment did not cut off her right to thereafter acquire title by limitation. To perfect such a title it was only necessary that notice of her adverse claim be afforded by the registration of a deed purporting to convey the land, the payment of taxes, and possession for the five-year period. From the time of the judgment, clearly, her possession was adverse. She continuously held such possession, claiming under her deed, which had been previously registered, and paying the taxes, for a five-year period from the date of the judgment before the filing of the present suit. Admitting that the judgment left her without any title, was that not, as to her, the extent of its operation? In what respect did it invalidate her deed as· a lawful instrument, or undo its registration? These were matters which the suit in nowise put in issue, and the judgment, therefore, was of no effect upon them. The suit only concerned the ascertainment of the lawful interests in the land and their award to the rightful owners of the title. The judgment accordingly operated only upon the title and for the purpose of vesting title. The suit was a lis pendens only as to these matters, and nothing else.

It is urged that as the judgment cancelled the deed as a conveyance of title, it necessarily left it without any effect. But if under the law governing limitation it had another character and was capable of performing a distinct office though it conveyed no title whatever, how could a judgment which merely destroyed its force as a conveyance of 'title affect such other character, or defeat its use for such other office? It is not uncommon for an instrument to have legal effect for one purpose and not for another. For illustration, a will, through default in its probate, may have no force as a testament, yet be admissible for probate as a muniment of title. If the instrument has under the law a dual character and is available for distinct purposes, its annulment for one purpose does not destroy it for all purposes. The argument overlooks that this deed was efficient for other purposes than the conveyance of title. Though it conveyed no title, it had, with its registration,— distinct from any office as a conveyance of title, the force of notice of the adverse claim to the land. Its character as an element of such notice was not involved in the partition suit, and was not touched by the judgment. It, therefore, in our opinion, remained effective after the judgment for the purposes of limitation under the five years statute; and, with its registration, undisturbed adverse possession and payment of

taxes for five years after that time, perfected a title in Ellen Cook by limitation.

Paxton v. Meyer, 67 Texas, 97, 2 S. W., 817, is not analogous. There the limitation, claimed in virtue of a conveyance from a defendant in an attachment suit and made while the suit was pending, was asserted under the three years statute. The foreclosure of the attachment cut off all title or color of title to the land under the deed. This, as the opinion points out, left the grantee unconnected with the sovereignty of the soil, and, therefore, without any basis for limitation under the three years statute. Here, the cutting off of title under the deed did not affect the limitation claimed, since to perfect it, it was not necessary that the claimant have any title.

Nor is Voight v. Mackle, 71 Texas, 78, 8 S. W., 623, controlling. There the claimant under limitation of five years had virtually renounced all claim to the land under his deed by conveying it to another. The renunciation of claim under the deed of course destroyed it as a basis for five years limitation. Here the open challenge of the right of all adverse claimants, through the registration of the deed, hostile and unrenounced claim under it, the possession, use and enjoyment of the land and payment of taxes, continued for full five years after the judgment in the partition suit, and the claim was not questioned. Ellen Cook was, in our opinion, entitled to the land.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*