**HUTCHISON et al. v. DWYER et al.***
(No. 8883.)

(Court of Civil Appeals of Texas. Galveston.
Nov. 18, 1926. Rehearing Denied
Dec. 16, 1926.)

1. Taxation ☞766—Certificate of acknowledgment of tax deed, reciting that sheriff personally appeared by deputy before notary, held not such infirmity as invalidated deed.

Certificate of acknowledgment to sheriff's deed that sheriff personally appeared before notary by deputy and acknowledged execution of deed as sheriff *held* not such infirmity as prevented acknowledgment from being compliance with statute, sheriff's name being signed to deed by deputy and it being evident notary meant to certify deputy personally appeared before him.

2. Appeal and error ☞909(2)—Court cannot assume undisputed evidence showed title in plaintiffs, where there was no fact finding, nor challenge to refusal to make such finding.

In suit to try title, reviewing court cannot assume that undisputed evidence showed record title to land to be in plaintiffs, where there was no finding below of such facts, nor was refusal to make it challenged.

3. Adverse possession ☞71(1)—Deed, under which title is claimed, is sufficient if it purports to convey land and is, on its face, a good deed.

To support limitation under 5-year statute, deed under which claim is made need not convey title, but is sufficient if it describes and purports to convey land and is, on its face, a good deed.

### On Motion for Rehearing.

4. Trial ☞365(2)—Omission from special issue of statutory expressions of cultivating, using, and enjoying, and claiming under recorded deed held not error, in view of other instructions (Rev. St. 1911, art. 5674).

In suit to try title, where testimony supported finding that incidents of 5-year statute, inclusive of incident relating to cultivation, use, and enjoyment of property for requisite time, was complied with and undisputed evidence showed claim under duly recorded deed, omission from special issue relating to 5-year limitation, expression of Rev. St. 1911, art. 5674, as to cultivating, using and enjoying, and claiming under recorded deeds *held* not error, in view of other instructions.

5. Appeal and error ☞719(8)—Plaintiffs, having no assignment or proposition, cannot raise question as to sufficiency of evidence to support finding.

In suit to try title, where plaintiffs had no assignment or proposition as to omissions from special issue, they cannot raise question as to sufficiency of evidence to support finding.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action to try title by M. Hutchison and others against Emilie B. Dwyer and husband. From a judgment for defendants, plaintiffs appeal. Affirmed.

W. P. Neblett, of Houston, for appellants.
R. H. Holland, of Houston, for appellees.

GRAVES, J. Appellants sued the appellees for the title to and possession of lots 10, 11, and 12, in block 25, of the Leland Park addition to the city of Houston, sometimes called the Houston City Railway addition No. 4.

The appellees, after a general demurrer, pleaded not guilty and the 3, 5, and 10 year statutes of limitation.

The cause was submitted to a jury on two special issues, embodying the 5 and 10 year pleas of limitation in this form:

"No. 1. Had the defendant Emilie B. Dwyer had peaceable, adverse possession of the land in controversy for any consecutive period of five years prior to the filing of this suit on the 20th day of November, 1924?

"No. 2. Has the defendant Emilie B. Dwyer had peaceable and adverse possession of the land in controversy herein for any consecutive period of ten years prior to the institution of this suit on November 20, 1924?"

The jury answered both inquiries in the affirmative, and, from the judgment duly entered thereon in favor of appellees, the appellants present this appeal.

Three propositions are relied upon for reversal, as follows:

"First proposition. Where the husband was sued for taxes on land he did not own, and his wife, knowing that he did not own it, purchased it by deed from a deputy sheriff, knowing that both the judgment and deed were void, her deed was insufficient as a basis for recovery, under the 5-year statute of limitation.

"Second proposition. Where the law expressly specifies the incidents required in order to acquire title by limitation, the charge given by the court to the jury should include the incidents contained in the law.

"Third proposition. The incidents of the statute of limitation must be included in the court's charge to the jury, unless waived."

[1] Disregarding the objections made by the opposing litigants to the consideration of these matters, they relate to a sheriff's deed upon which the appellees grounded their claim under the 5-year statute; this deed bore date of August 10, 1906, and purported to convey the land from A. R. Anderson, sheriff of Harris county, by A. L. Conaway, deputy, to the appellee Emilie B. Dwyer, for $28.95, pursuant to a judgment and order of sale in cause No. 36962 in the Fifty-Fifth district court of Harris county, in favor of the State of Texas v. Frank B. Dwyer, and was acknowledged before a notary public August 10, 1906, and filed for record August 13, 1906, in the office of the county clerk of Harris county, the substantial portion of the

certificate of acknowledgment being as follows:

"Before me, C. F. Wm. Schultz, a notary public, in and for Harris county, Tex., on this day personally appeared A. R. Anderson, sheriff of Harris county, Tex., by A. L. Conaway, deputy, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same as sheriff aforesaid, for the purposes and consideration and in the capacity therein expressed."

This deed rested upon a judgment against F. B. Dwyer for taxes for the years 1902 to 1904, inclusive, and, as indicated, not only properly described the land, but was in all other respects regular upon its face as a conveyance thereof from the sheriff by his deputy to Mrs. Dwyer as her separate property, unless this quoted form of acknowledgment constituted a fatal infirmity. We do not think it did, but amounted only to such an infirmity as did not prevent its being a substantial compliance with the statute; the sheriff's name was signed to the deed by the deputy; and it is evident from the context that the notary merely meant to certify that the latter—not the sheriff individually, as appellant contends—personally appeared before him and acknowledged that he had executed it for the sheriff in his capacity as deputy.

[2, 3] It is further argued under the first of these propositions that the undisputed evidence showed the record title to the land to be in appellants at the time Mrs Dwyer received the deed from the sheriff under the sale for taxes against her husband, that she then knew this fact, and consequently had nothing upon which to base her claim of 5 years' limitation.

There was no finding below of any such state of facts, nor is there challenge here of any refusal there to make it, hence this court cannot assume it. But, under our finding as to the character of the deed, the matter is immaterial anyway, under this declaration of the law by our Supreme Court in Rosborough v. Cook, 108 Tex. 364, 194 S. W. 131:

"To support limitation under the 5 years' statute, it is not necessary that the deed, under which the claim is made, convey any title. The grantor may be wholly barren of any vestige of title; the deed may therefore pass no semblance of title; yet, if it describes and purports to convey the land and tested by itself is upon its face a good deed, it meets the requirement. Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; Schleicher v. Gatlin, 85 Tex. 270, 20 S. W. 120; Harris v. Wells, 85 Tex. 312, 20 S. W. 68."

Complaint is made under the second proposition that the court omitted from special issue No. 1, relating to the plea of 5 years' limitation, the expressions appearing in the statute (R. S. 1911, art. 5674), "cultivating, using, or enjoying the same," and "claiming under a deed or deeds duly registered."

The undisputed evidence showed the presence of both these incidents, hence there was no issue about them left for the jury, and no error in omitting to charge upon them. The deed above referred to showed upon its face that it had been duly recorded for more than 5 years, and there was also positive and uncontroverted testimony that Mrs. Dwyer had, through a tenant, occupied, used and enjoyed the land under a fence for at least 6 years, paying taxes thereon consecutively all the while.

Since we have held the tax deed under which she claimed not void, this evidence was sufficient to make out her title under the 5-year statute. It therefore becomes unnecessary to determine whether or not the requirements of the 10-year statute were met, or to discuss appellant's last proposition relating to it, but if called upon to pass on the matter, we would hold that there was a break in the possession before the 10 years had elapsed.

The jugment has been affirmed.

Affirmed.

## On Motion for Rehearing.

[4] In the original opinion, referring to appellants' complaint at the omission from special issue No. 1 of the recitations "cultivating, using, or enjoying the same," and "claiming under a deed or deeds duly recorded," this was said:

"The undisputed evidence showed the presence of both these incidents, hence there was no issue about them left for the jury, and no error in omitting to charge upon them."

On reconsideration, this statement is found to be somewhat inaccurate and is corrected accordingly. The undisputed evidence did show the claim under the duly recorded deed, but there was some testimony tending to raise an issue as to the cultivation, use, and fencing testified to by the appellees' witnesses; it went no further than that, however, and there was ample contra evidence to support the finding:

"That Mrs. Dwyer had, through a tenant, occupied, used and enjoyed the land under a fence for at least 6 years, paying taxes thereon consecutively all the while."

[5] Appellants have no assignment or proposition to that effect, and are not entitled to raise in this court the question as to the sufficiency of the evidence to support the finding of 5 years' limitation; nor could it be sustained, if they were.

In view of this state of the proof, the net effect of their contention here is that a reversal must be ordered because the words, "cultivating, using, or enjoying the same" were not a part of issue No. 1.

We do not think so. The jury were not misled; elsewhere in the charge peaceable and

adverse possession was properly defined; and they were also told:

"The possession, use, and occupancy referred to in this charge is such possession, use, and occupancy as the land would be capable or reasonably adapted to under all the circumstances as you may find they existed at any time material to the inquiry."

In addition, as before indicated, there was, to say the least of it, sufficient positive testimony to support the finding that all the incidents of the 5 years' statute, inclusive of this one relating to the cultivation, use, or enjoyment of the property for the requisite time, had been complied with.

The motion for rehearing has been carefully considered, but, under the conclusion that the former judgment should stand, it will be overruled.

Overruled.