## HUTCHINSON et al. v. DWYER et al. (No. 956-4768.)

Commission of Appeals of Texas, Section A. June 25, 1927.

1. Trial ⬡⟿350(3)—Submission of issue of adverse possession only was insufficient, where pleadings and testimony also raised issue of continuous use of land.

Where pleadings and testimony, in trespass to try title, raised issue as to defendants' continuous use as well as peaceable and adverse possession of land for 5 years, submission of issue of possession only was insufficient.

2. Trial ⬡⟿352(4)—Issue of 10 years' limitation, not raised by evidence in trespass to try title, was erroneously submitted.

In absence of evidence raising issue of 10 years' limitation, it should not have been submitted in trespass to try title.

Error to Court of Civil Appeals of First Supreme Judicial District.

Trespass to try title by M. Hutchinson and others against Emilie B. Dwyer and husband. A judgment for defendants was affirmed by the Court of Civil Appeals (289 S. W. 1021), and plaintiffs bring error. Reversed and remanded.

W. P. Neblett, of Houston, for plaintiffs in error.

R. H. Holland, of Houston, for defendants in error.

BISHOP, J. Plaintiffs in error filed this suit against defendants in error in trespass to try title to recover lots 10, 11, and 12, in block 25, of Leeland Park addition to the city of Houston. Defendants in error interposed pleas of limitation of both 5 and 10 years.

On trial the court submitted two special issues to which the jury made affirmative answers, and which are as follows:

"No. 1. Had the defendant Emilie B. Dwyer had peaceable and adverse possession of the land in controversy for any consecutive period of 5 years prior to the filing of this suit on the 20th day of November, 1924?

"No. 2. Has the defendant Emilie B. Dwyer had peaceable and adverse possession of the land in controversy herein for any consecutive period of 10 years prior to the institution of this suit on November 20, 1924?"

On this verdict the court rendered judgment for defendants in error, which was by the Court of Civil Appeals affirmed. 289 S. W. 1021.

[1] Plaintiffs in error objected to issue No. 1, insisting that same was insufficient because the statute of 5 years' limitations requires that one claiming thereunder shall have not only peaceable and adverse possession, but shall also cultivate, use, or enjoy the land claimed. There is evidence in the record showing that defendant in error Emilie B.

Dwyer constructed a fence inclosing these lots in 1910, and that this fence remained intact for more than 5 years. The evidence is conflicting as to whether continuous use was made of the property during the time it was fenced.

Peaceable and adverse possession, together with use of the property for a consecutive period of 5 years, was a separate and distinct fact issue under the pleadings and testimony in evidence, and the submission of only part of this issue was insufficient. Plaintiff in error had the right to insist that the issue submitted to the jury require a finding that both the possession and use of the property met the requirement of the statute conferring title by limitation. The submission of this special issue over the objection made was error.

[2] There is no evidence in the record raising the issue of 10 years' limitation, and same should not have been submitted.

We recommend that the judgment of both courts be reversed and the cause remanded to the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.