**BOUND et al. v. DILLARD et al.**
No. 12873.

Court of Civil Appeals of Texas. Dallas.
April 13, 1940.

Rehearing Denied May 11, 1940.

Dallas A. Blankenship and James L. Mc-Nees, both of Dallas, for appellants.

McEntire & Shank, Walace Hawkins, Ross Madole, and Storey, Sanders, Sherrill & Armstrong, all of Dallas, Nelson Jones, H. W. Varner, and H. R. Wilson, all of Houston, and J. B. Hatchitt, of Wichita Falls, for appellees.

LOONEY, Justice.

Mrs. Laura A. Bound et al., appellants, sued A. R. Dillard et al., ap-

pellees, in trespass to try title to recover 840 acres of land located in Henderson County, Texas. The appellees plead not guilty, the statutes of three and five year limitation, and improvements in good faith. Vernon's Ann.Civ.St. arts. 5507, 5509. Several parties intervened, seeking to establish and recover certain royalty interests in the land. The case was tried without a jury, resulting in judgment for appellees, from which this appeal was prosecuted; however, the interveners did not appeal, hence the judgment as to them is final. No request for findings and conclusions was made, and none were filed.

The material facts, stated chronologically, are these: On December 14, 1916, the National Bank of Commerce, Dallas, Texas, the common source of title, conveyed to E. G. Bound 1,288 acres of land in Henderson County, Texas, including the 840 acres involved in this controversy, retaining an express lien on the land to secure the payment of a $6,000 purchase money note.

On March 28, 1922, the National Bank of Commerce assigned, transferred, and conveyed to the Federal Land Bank of Houston the note just mentioned (upon which there remained unpaid $4,997), together with the lien securing same, also conveyed the vendor's "superior title" in and to the land. On same day, Ed G. Bound and wife, Laura A. Bound, executed a deed of trust conveying the 840 acres to M. H. Gossett, Trustee, to secure the Land Bank, its successors and assigns, in the payment of a $6,000 amortize note, payable in thirty-six semi-annual installments, reciting that, the note included the balance of $4,997 of the original purchase money note, and provided that the Land Bank, or its assigns, were subrogated to all the rights, liens, remedies, equities, superior title and benefits held, owned, and possessed at any time by any owner or holder of the original vendor's lien note, further providing that, should default occur in the payment of the semi-annual installments, the Federal Land Bank, or its assigns, should have the right to sell the property conveyed, in satisfaction of such defaulted payment, without declaring the whole debt due, and conferred upon the assignee of any vendor's lien note the power to request the Trustee, or his successors as therein provided for, to sell the property, and further provided that, the Trustee, or any substitute trustee, was empowered to appoint by written instrument, an attorney in fact to act as trustee for him and in his name, place and stead; and that all acts done by said attorney in fact shall be as valid, lawful and binding as if done by said Trustee, substitute, or successor, in person; and further provided that, in case of any sale, all prerequisites should be presumed to have been performed and that all facts stated, or recitals in the conveyance by the Trustee should be taken as prima facie evidence that such facts were true.

Ed G. Bound died testate on February 22, 1923. After the payment of all debts, he bequeathed to his wife, Laura A. Bound, during her natural life, all his property, both real and personal, of which he died possessed, with full power and authority to sell any and all of said property as she might desire, with the remainder to his children in equal shares, and appointed his wife independent executrix, without bond.

On April 26, 1932, the Land Bank assigned and transferred to the Athens National Farm Loan Association an overdue and unpaid installment note (one of the series above mentioned) for $210, same being the nineteenth installment to mature on the note given by Ed G. Bound and wife to the Land Bank, as before recited, together with the lien on the land securing payment of the same, subordinated, however, to the lien existing in favor of the Land Bank, as to the remaining unpaid installment of the original $6,000 note, also assigned and conveyed to the Athens National Farm Loan Association, " * * all of the right, title and interest owned or held by it (the Land Bank) in said land (the 840 acres) by virtue of the installment herein conveyed and assigned and by virtue of the deed of trust securing the payment thereof, in so far as said deed of trust secures the installment hereby transferred, but no further."

On April 30, 1932, in pursuance of a provision of the deed of trust, M. H. Gossett, Trustee, duly appointed. J. P. Pickens attorney in fact, to act in foreclosure proceedings, who, after due advertisement, on June 7, 1932, sold the land to the Athens National Farm Loan Association, in consideration of a cash bid of $10, and subject to the balance due the Land Bank as hereinbefore recited, for the payment of which an express lien was retained on the land. The

deed conveying the land to the Athens National Farm Loan Association, by Gossett, Trustee, acting by and through his attorney in fact, Pickens, contained a short summary of the requisite predicate facts, showing that, in making the sale, the provisions of the deed of trust were complied with.

On October 25, 1932, the Athens National Farm Loan Association conveyed the 840 acres of land to T. L. Deen, who, on May 15, 1934, conveyed same to A. R. Dillard, and on October 2, 1937, Dillard paid the Land Bank the balance remaining unpaid of the original note for $6,000, given by Bound and wife, and took a release from the Bank of the lien, containing the following exception: "There is excepted from this release that portion of the above note represented by the January 1, 1932, installment thereon (the installment note transferred to the Athens National Farm Loan Association), and the deed of trust lien securing said installment, which were transferred and assigned to the Athens National Farm Loan Association on April 26, 1932."

On April 26, 1937, and on May 24, 1937, respectively, agreements were entered into by and between A. R. Dillard and Fred E. Haynes, whereby oil and gas leases were to be given by Dillard to Haynes on the 840 acres, upon the drilling of certain test wells on the land. The first of the wells was completed November 15, 1937, at a cost of approximately $53,000, and the second was completed on the 28th day of February, 1938, at a cost of approximately $16,000. The several oil companies and individuals, appellees herein, claim, as assignees under Haynes, parts of the oil and gas lease.

On May 28, 1938, after two oil wells had been drilled in on the land under the contracts above mentioned, and approximately six years after the foreclosure proceedings, Mrs. Laura A. Bound, individually and as executrix of the will of her deceased husband, Ed G. Bound, and the other appellants (devisees under the will) instituted this suit, to recover title to the 840 acres of land, including the two oil wells, on the ground that the foreclosure proceedings in 1932, under the deed of trust, were void. The judgment of the court being adverse, they appealed, and have assigned but one error, that is, that the grant of power to M. H. Gossett, Trustee, to appoint an attorney in fact, was revoked by the death of Ed G. Bound, hence the foreclosure sale and the conveyance thereunder were, and are, null and void.

As will be observed, they do not contend that the power of sale conferred upon Gossett, Trustee, was not coupled with an interest and did not survive the death of Mr. Bound, the grantor, but do contend that the authority conferred upon the Trustee to appoint an attorney in fact was but a naked power, not coupled with an interest, therefore, was revoked by the death of the grantor.

The foreclosure having taken place more than four years after the death of Mr. Bound, while his estate was being administered by his wife as independent executrix under the will, we do not think it can be correctly said that the sale in any sense interfered with the orderly processes of administration. See Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305 (by the Commission; Smith v. San Antonio, etc., Bank, Tex.Civ.App., 130 S.W.2d 1070, writ refused. Nor do we think that, simply because the sale was made by an attorney in fact, acting for the Trustee, its validity can be called in question. See Casas v. Federal Land Bank, Tex.Civ.App., 106 S.W.2d 1107. Thus, we reach the question insisted upon by appellants, that is, that the power of the Trustee to appoint an attorney in fact was revoked by the death of Mr. Bound, the grantor, and for that reason alone, the sale and deed executed thereunder are null and void.

The case of Natali v. Witthaus, Tex. Com.App., 135 S.W.2d 969, 976, involved the validity of a sale by an attorney in fact, acting for the trustee, under the provisions of a trust deed identical with those involved here and under substantially similar facts. The court held that the death of the grantor did not revoke the power of sale given in the trust deed, therefore, sustained the validity of the sale made by an attorney in fact, appointed by the trustee long after the death of the grantor, saying, in part, that, "Barth made the sale and executed the trustee's deed as attorney in fact for M. H. Gossett, trustee. Gossett was not present at the sale. The argument made by defendants in error is that the deed of trust invests the trustee with discretion in making the sale and that the trustee cannot delegate such discretion to another.

The position thus taken would be correct, had the deed of trust not given the trustee the power to delegate his authority. The express terms of the deed of trust above quoted confer upon the trustee authority to appoint an attorney in fact to act as trustee and declare that all acts done by such attorney in fact shall be valid and binding as if done by the trustee in person. The attorney in fact, therefore, was duly authorized to conduct the sale and to execute the deed to the purchaser. Hess v. Dean & Kesterson, 66 Tex. 663, 2 S.W. 727."

The above seems to be the latest expression of the Supreme Court on the subject under consideration, and is so pertinent and decisive as not to require the citation of additional authorities, nor do we deem is necessary to lengthen the opinion by a comment upon the authorities cited by the appellants. We therefore overrule their assignment and related propositions. The rule is well settled that, where the record fails to disclose findings of fact and conclusions of law, the judgment will be sustained if either defense urged is supported by evidence. This rule is based upon the presumption that the court found in favor of appellees upon such issue. This rule was tersely stated by Judge Gaines, in Johnson v. Archibald, 78 Tex. 96, 14 S.W. 266, 268, 22 Am.St.Rep. 27, as follows: "At all events, there being no conclusions of fact and law found in the record, if the evidence is sufficient to support the judgment upon any defense presented in the case it is to be presumed that the court found in favor of the defendants upon that issue."

Invoking the rule, appellees insist that, regardless of the validity of the foreclosure under the deed of trust, the judgment should be sustained on additional grounds; among others, under the doctrine of rescission, also under their plea of five year limitation.

As heretofore shown, the conveyance by the National Bank of Commerce to Ed G. Bound retained an express lien on the land to secure the unpaid purchase money. The conveyance, being executory in nature, the superior title to the land remained in the bank, as security against the loss of both purchase money and land. This title is considered superior in the sense that the purchaser may not assert his title as against the vendor, or those claiming under him, unless the purchase money is paid, and enables the vendor, or his successors in interest, to rescind the sale and recover or repossess the land; and if the vendor, or his successors in interest, obtains possession of the premises after default, he may not be dispossessed by the purchaser or anyone claiming under him. See 43 Tex.Jur., sec. 141, pp. 232–234, and the authorities cited.

It is further disclosed that the superior title to the land, and all rights incident thereto, passed by mesne conveyances and transfers from the vendor Bank to A. R. Dillard, who paid the Land Bank the balance remaining of the $6,000 note given by Bound and wife in renewal and extension of the original purchase money note given the vendor Bank when the land was purchased. In view of these facts, we are of opinion that Dillard succeeded and became subrogated to all the rights of the original vendor, including the right, on default being made in the payment of the purchase money, to rescind the contract and repossess the land. After purchasing the property, as hereinbefore stated, Dillard took possession and exercised rights and authority that pertain alone to ownership; contracted for and caused test wells to be sunk, prospecting for oil and gas, under which two producing oil wells were drilled, and thereafter leased the land to the several oil companies and individuals, appellees herein.

So, if it be conceded, as contended by appellants, that the foreclosure proceedings were and are absolutely void, yet possession of the land by the Athens National Farm Loan Association, and those claiming under it, the drilling of test wells, and leasing the land for oil and gas development, constituted conduct of a nature, not susceptible of any explanation other than that of the assertion of ownership, and, in our opinion, was tantamount in law to a rescission of the contract of sale. The following authorities, we think, fully sustain this conclusion: Benn v. Security Realty, etc., Co., Tex. Civ.App., 54 S.W.2d 146, writ refused; Bunn v. City of Laredo, 245 S.W. 426 (by the Commission of Appeals); Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.2d 721 (by the Supreme Court);

Campdera v. Reed, Tex.Civ.App., 131 S. W.2d 297, writ refused.

Appellees also contend that, regardless of whether Pickens, as attorney in fact, possessed power to conduct the foreclosure proceedings, the deed executed by him to the Athens National Farm Loan Association, purported to convey the land described, was regular upon its face, therefore met all the requirements of the five year statute of limitation.

The defense of five year statute of limitation urged by appellees was combated by appellants on the sole ground that it was based upon a void conveyance. We do not think so. The deed executed by Pickens, as attorney in fact, is fair upon its face, purports to convey land, and, tested by its own recitals, is perfectly valid, hence, meets all requirements of the statute. Chief Justice Phillips, speaking for the Supreme Court, in Rosborough v. Cook, 108 Tex. 364, 194 S.W. 131, used the following pertinent language: "To support limitation under the five years statute, it is not necessary that the deed, under which the claim is made, convey any title. The grantor may be wholly barren of any vestige of title; the deed may therefore pass no semblance of title; yet, if it describes and purports to convey the land and tested by. itself is upon its face a good deed, it meets the requirement. Wofford v. McKinna, 23 Tex. 36, 76 Am.Dec. 53; Schleicher v. Gatlin, 85 Tex. 270, 20 S.W. 120; Harris v. Wells, 85 Tex. 312, 20 S.W. 68." We conclude, therefore, that, even if it could be correctly said that the prior death of Mr. Bound revoked the authority of Gossett, Trustee, to appoint Pickens, yet such vice (if a vice) not being apparent, but extraneous, the conveyance is none the less a "deed" within the meaning of the statute.

The land involved being community property, the validity of the foreclosure, as to Mrs. Bound's undivided one-half interest, cannot be questioned. However, being of opinion that the trustee's sale was valid and passed title, we think the judgment of the court below should be affirmed. But, if this conclusion is deemed erroneous, for the reasons heretofore stated, we are of opinion that the judgment should be affirmed under the doctrine of rescission, also under the defense of five year limitation.

Affirmed.